ABBIE OSBORNE, administratrix of Stephen Osborne, *vs.* KNOX & LINCOLN RAILROAD.

### Sagadahoc.    Decided December 19, 1877.

*Master and Servant. Railroad. Action. Negligence.*

A person who voluntarily assists the servant of another, in a particular emergency, cannot recover from the master for an injury caused by the negligence or misconduct of such servant; he can impose no greater duty on the master than a hired servant.

A servant cannot recover for an injury incurred in assisting a fellow servant, either voluntarily, or on the request of such servant.

ON REPORT.

CASE for negligence. Stephen Osborne, the plaintiff's intes-

tate, the servant of the railroad corporation, and master of its ferry-boat, whose duty it was to transport the cars of the defendant company across the Kennebec river, between Bath and Woolwich, left the boat, which was lying at the wharf in readiness to transport the loaded freight cars from Woolwich to Bath, and, at the request of the conductor, unshackled the loaded cars by pulling the bolt which connected them with the others, and in doing so was caught between the bunters and crushed, and died from the effects thereof, some fourteen hours after. The allegation was, that the injury was occasioned through the negligence of the company in not providing suitable couplings for the cars, that they were not the safest then known and in general use; and that the cars were not provided with a sufficient number of brakemen, and that the engines and shifting cars were negligently moved against the loaded freight cars without warning to the intestate, and without any brakemen to apply the brakes, and were forced with violence against his body.

The plea was the general issue.

*F. Adams,* for the plaintiff.

*H. Tallman & C. W. Larrabee,* for the defendants.

APPLETON, C. J. This is an action of the case against the defendants to recover damages for their negligence by which the plaintiff's intestate was so seriously injured in attempting to remove a bolt for the purpose of uncoupling certain loaded freight cars, that he died in a short time afterwards.

The plaintiff's intestate was an employee of the defendant corporation, and the injury occurred while in their service.

If the injury was the result of accident solely, the defendants being without fault, the action is not maintainable.

If the injury was caused by the negligence or misconduct of fellow servants, the law is well settled that a servant thus injured cannot maintain an action against his master for such injury. *Lawler* v. *Androscoggin Railroad,* 62 Maine, 463. *Hodgkins* v. *Eastern Railroad,* 119 Mass. 419. *Sammon* v. *N. Y. & H. Railroad,* 62 N. Y. 251.

Servants must be supposed to have the risk of the service in

their contemplation when they voluntarily undertake it and agree to accept the stipulated remuneration. *Plant* v. *Grand Trunk*, 27 Up. Canada, Q. B. 78. *Searle* v. *Lindsay*, 11 C. B. N. S. 429. *Gibson* v. *Erie Railway*, 63 N. Y. 449.

It makes no difference in regard to the liability of the defendants that the plaintiff's intestate came into the service voluntarily, as to assist the defendants' servants in a particular emergency and was killed by their negligence, for by volunteering his services he could not have greater rights nor could he impose any greater duty on the defendants than would have existed had he been a hired servant. *Degg* v. *Midland Railway*, 1 Hurls. and Nor. 773. The same rule of law is applicable if a servant, of his own motion at the request of a fellow servant, should undertake temporarily to perform the duties of a fellow servant.

If the plaintiff's intestate, through his own want of care, contributed to the injury which resulted in his death, this action must fail. Complaint is made that the cars were so constructed as to be dangerous in coupling and in uncoupling. But the plaintiff's evidence shows that they were such cars as had always been in use by the defendant corporation and by other railroad corporations in this state. Such as they were was well known to the servants of the defendant.

It was held in *Indianapolis B. & W. Railway* v. *Flanigan*, 77 Ill. 365, that a railroad company was not liable for an injury received by an employee, while coupling cars having double buffers, simply because a higher degree of care is required in using them than in those differently constructed. So in *Fort Wayne, &c., Railroad* v. *Gildersleeve*, 33 Mich. 133, it was decided that a railroad company which used in its trains an old mail car, which was lower than others, was not liable to its servant, who knowingly incurred the risk, for an injury resulting from the coupling of such old car with another, though the danger was greater than with cars of equal height.

The plaintiff's evidence shows that one should not go inside the bunters to lift the pin when unshackling cars. "We stand against them and reach over them. We stand on the outside of the bunters, reach over and pull the pin out. I can do it easily. I

guess any one can.  I judge that, the customary way of unshack-
ling.  If the cars were standing apart, so that there was room to
pass in I should not intend to pass in between the bunters." Such
is the testimony of one of the plaintiff's witnesses.  Another says:
" In a moving train it is difficult to lift a bolt without coming
in contact with the dead wood.  Situated as this train was, I
think it was dangerous.  There was no trouble in waiting till the
train was still."  There can be no doubt that the injury sustained
arose from a neglect of the obvious precautions which the busi-
ness engaged in so imperatively required.

The evidence fails to show an insufficient number of servants,
and as already stated, so far as the injury arose from the negli-
gence of fellow servants, it was at the risk of the servant injured.

*Plaintiff nonsuit.*

WALTON, DICKERSON, BARROWS, DANFORTH and PETERS, JJ.,
concurred.