GRACE L. HOTT, ADMINISTRATRIX, *vs.* THE CITY OF NEW HAVEN ET ALS.

Third Judicial District, New Haven, June Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

The plaintiff's intestate, while standing in the street, was killed by the fall of a trolley-pole, which was alleged to have been caused by the negligence of the driver of the defendant express company's automobile-truck, in allowing the vehicle to become entangled in a sagging wire attached to the pole and thus pulling the pole down upon the decedent. *Held* that in view of the evidence disclosed by the record a verdict for the plaintiff was not an unreasonable conclusion.

Argued June 5th—decided July 6th, 1917.

ACTION to recover damages for negligently killing the plaintiff's intestate, brought to the Superior Court in New Haven County where demurrers to the complaint, filed by the City of New Haven and by the

Connecticut Company, were sustained (*Curtis, J.*), and the cause, as against the Adams Express Company, the remaining defendant, was tried to the jury before *Gager, J.;* verdict and judgment for the plaintiff for $5,000, and appeal by the defendant Express Company. *No error.*

*Edmund Zacher* and *William B. Ely*, for the appellant (the defendant Adams Express Company).

*Robert J. Woodruff* and *James J. Palmer*, for the appellee (plaintiff).

PER CURIAM. A trolley-pole fell upon and killed the plaintiff's intestate. The defendant ascribed the cause of the fall of the pole to the firemen engaged in working around and upon it after it had been cracked and bent by the impact of a fire engine running into it. The plaintiff ascribed the cause to the defendant Express Company's auto-truck becoming entangled in one of the wires attached to it, which sagged through the bending of the pole, and in this way the truck pulled down the pole upon the plaintiff's intestate.

Our reading of the evidence satisfies us that the jury might reasonably have found the cause of the fall of the pole as the plaintiff claimed. And further, the jury might reasonably have found that as the truck proceeded down George Street its driver ought, in the exercise of due care, to have seen the sagging wire and to have appreciated the danger of its becoming entangled with his truck and liable to pull down the pole and injure some one of those in the street near by.

Further, the jury might have found that the driver of the truck drove on after having received adequate warning. If the jury so found, and the verdict indicates this, the conclusion that the conduct of the driver

was negligent and was a material and contributing cause of Hott's death, necessarily followed. The evidence would have justified the jury in finding that Hott, just prior to being struck, was in the middle of the highway in a position of no apparent danger, and at such a distance from this pole, and surrounded as it was by people, that he could not reasonably have been expected to have seen that the pole was in danger of falling, and that in fact it was not in such danger until pulled down by the truck. The conclusion of due care, which the verdict indicates the jury found, cannot be said to have been found upon inadequate evidence.

There is no error.