MICHAEL KALMICH *vs.* ABRAHAM WHITE.
MICHAEL·KALMICH, JR., *vs.* ABRAHAM WHITE.

Third Judicial District, Bridgeport, October Term, 1920.

WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, Js.

One who, without the assent of the master and without justification arising from a légitimate personal interest, unnecessarily assists a servant in the performance of the master's business, is a mere volunteer and is not at all in the position of a servant.

A servant has no authority as such to change existing legal relations between the master and third persons.

A minor volunteer who is helping the servant and riding on a motor-truck for that purpose is a mere trespasser.

While, in general, the duty toward trespassers is to refrain from wanton or wilful injury, yet, when the presence of a trespasser in a position of peril becomes known, the duty arises of using ordinary care to avoid injuring him.

The original fault of the trespasser in committing the trespass does not justify the omission of any ordinary precautions against injuring him after his presence and peril are known.

The master is not liable for the direct and proximate consequences of the permission, given without his authority, to another to ride upon his vehicle; but if the servant is controlling the movement of the vehicle in the ordinary course of his employment, and the presence of the trespasser upon the vehicle is known to him, the rule of *respondeat superior* operates.

In the present case there was some evidence from which the jury might have found that the driver's act, in directing a nine-year old volunteer to stand on the running-board so as not to interfere with the steering of the truck, placed the minor in a position of known peril; that thereafter, in operating the car on his master's business, the driver did not use ordinary care to avoid injury; and that in consequence the volunteer was thrown from the running-board as the car rounded a corner at rapid speed and while himself in the exercise of such care as was to be reasonably expected from one of his age and experience. *Held* that under these circunstances a nonsuit should not have been granted.

Argued November 3d—decided December 22d, 1920.

ACTIONS by a father and his minor son, to recover damages for personal injuries to the latter alleged to

have been caused by the defendant's negligence, brought to and tried together in the Superior Court in New Haven County where each plaintiff was non-suited in a trial to the jury before *Banks, J.*, and from the refusal of the trial court to set aside such judgments, the plaintiffs appealed. *Error and new trial ordered in each case.*

The plaintiff's evidence tended to show that the minor plaintiff, nine years old, while playing in the freight yard of the New York, New Haven and Hartford Railroad Company at Meriden, was invited by the defendant's servants in charge of defendant's motor-truck to assist them in unloading scrap metal from the truck into a freight-car. He did so, and when the truck was empty rode back to the defendant's place of business, where the truck took on another load, which the minor plaintiff also assisted in unloading. When the truck started back for the second time, the minor plaintiff was sitting on the driver's seat between the driver and another servant of the defendant, and was directed to get down and stand on the running-board of the truck because his presence on the driver's seat interfered with the steering of the truck. While the minor plaintiff was riding on the running-board, the truck was driven around a corner at such a rate of speed that the minor plaintiff was thrown off the running-board and received the injuries complained of. There was no evidence that the defendant's servants were authorized to ask for assistance in their work, or to invite the minor plaintiff to ride on the truck.

*Charles S. Hamilton*, with whom was *Morris M. Wilder*, for the appellants (plaintiffs).

*William B. Ely*, for the appellee (defendant).

BEACH, J. At the time of the accident the driver of the truck was on his master's business and in the ordinary course of his employment, and since there was some evidence from which the jury might have found that the minor plaintiff's injuries were caused by lack of ordinary care in turning a sharp corner at so high a rate of speed while the boy was riding on the running-board, the defendant's contention is and must be that the *respondeat superior* rule does not apply, because the defendant owed no duty to the minor plaintiff. This claim of immunity is put on the ground that the minor plaintiff was a mere volunteer. A volunteer, in this sense, is one who, without the assent of the master and without justification arising from a legitimate personal interest, unnecessarily assists a servant in the performance of the master's business. In England such a volunteer is held to, be, in some respects, in the position of a servant. *Degg* v. *Midland Railway Co.*, 1 Hurl. & Nor. 773; Webb's Pollock on Torts, 126. There are some authorities to the same effect in this country. *Osborne* v. *Knox & Lincoln Railroad*, 68 Me. 49. But the general American doctrine is that a volunteer is not at all in the position of a servant because the master has not assented to his employment. See cases cited in the note to *Hunter* v. *Corrigan*, 43 L. R. A. (N. S.) 187 (139 Ky. 315, 122 S. W. 131); 30 Yale Law Journal, 85. The American rule rests on the sound premise that a servant has no authority as such to change existing legal relations between the master and third persons. This being so, the minor plaintiff while riding on the truck was a mere trespasser because the driver had no authority to take on passengers. Compare *Brennan* v. *Fair Haven & Westville R. Co.*, 45 Conn. 284, and *Bergan* v. *Central Vermont Ry. Co.*, 82 Conn. 574, 74 Atl. 937. The rule of liability to trespassers, for which the de-

fendant contends, is that "no duty exists toward trespassers except that of refraining from wantonly or wilfully injuring them." 29 Cyc. 442. This rule has been applied in many of the cases where the plaintiff was injured while riding upon the defendant's vehicle without the defendant's knowledge or permission and at the invitation of an unauthorized servant. See cases collected in note to *Hunter* v. *Corrigan, supra.* In the later case of *Walker* v. *Fuller*, 223 Mass. 566, 112 N. E. 230, it is said that because the plaintiff was riding in the defendant's automobile without any invitation from the defendant, it was immaterial to inquire whether the defendant was negligent.

It would seem from these cases that Shearman and Redfield go too far when they speak of the rule above quoted as "overruled everywhere." Shearman & Redfield on Negligence (6th Ed.) § 64, note 27, p. 160. But that rule is, we think, subject to the modification laid down by Lord Abinger in the famous donkey case (*Davies* v. *Mann*, 10 M. & W. 545), that even if the donkey was a trespasser, "as the defendant might, by proper care, have avoided injuring the animal, and did not, he is liable for the consequences of his negligence, though the animal may have been improperly there." That is to say, that when the presence of a trespasser in a position of peril becomes known, the duty then arises of using ordinary care to avoid injuring him. 29 Cyc. 443. In *Isbell* v. *New York & N. H. R. Co.*, 27 Conn. 393, we applied the rule of *Davies* v. *Mann* to the case of cattle trespassing on a railway, and held the defendant liable; and in *Brennan* v. *Fair Haven & Westville R. Co.*, 45 Conn. 284, 297, we said: "If it be admitted that the plaintiff was a trespasser on the defendant's car his right of action is not necessarily thereby defeated." Some of the cases in which this same doctrine has been applied so as to permit a recovery by tres-

passers on moving vehicles, are *Evarts* v. *St. Paul, M. & M. Ry. Co.*, 56 Minn. 141, 57 N. W. 459; *Davis* v. *Ohio Valley Banking & Trust Co.*, 32 Ky. Law Rep. 627, 106 S. W. 843; *Stipetich* v. *Security Stove & Mfg. Co.* (Mo.), 218 S. W. Rep. 964.

Independently of authority, the duty to avoid injuring one whose presence and peril are known is so imperative that it must apply to trespassers; and in the performance of so elemental a duty it is hard to draw any distinctions between the degree of care which ought to be exercised toward trespassers and that which is owing to other persons. Of course, the duty to a trespasser lies within comparatively narrow limits, because the owner of property is not ordinarily bound to anticipate and provide for the presence of trespassers. 1 Street, Foundations of Legal Liability, p. 155 note. Thus, the owner of a motor-car is not bound to keep a lookout for trespassers, nor is he bound to maintain his car in a reasonably safe condition for the carriage of trespassers, but suppose that, while driving his car on his private driveway, he sees a trespasser in the path of the car and in peril of being run down; what ordinary steps to avoid injuring him may he rightfully omit to take? As we said in *Isbell* v. *New York & N. H. R. Co.*, 27 Conn. 393, if the owner, or his servant, is bound to give any warning at all, he is for the same reasons bound to check his speed, if necessary, or to stop. In short, to use ordinary care to avoid injuring the trespasser.

We do not mean to imply that a trespasser who is guilty of contributory negligence may recover, but we do hold that his original fault in committing the trespass will not justify the omission of any ordinary precautions against injuring him, after his presence and his peril are known.

It is also contended that the defendant owed no duty to the minor plaintiff for the additional reason that he

came upon the truck at the invitation of a servant, who went outside of the scope of his employment in giving such an invitation; and it is of course true that the defendant is not liable for the direct and proximate consequences of any act of his servant done outside of the scope of his employment. For example, if the minor plaintiff had been injured while climbing on the truck in response to the driver's invitation, the defendant would not be liable. But at the time when this accident occurred the driver had long ago returned to his employment of driving the truck in the master's business, and the injury was not due solely to the fact that the boy was on the truck, but also to the fact that the servant, for the very purpose of facilitating the performance of the master's business, ordered him to ride upon the running-board.

The condition then existing was one which is not uncommon, where the presence of a trespasser on a moving vehicle becomes known to the servant or servants controlling its movements in the ordinary course of their employment, and it is an elementary proposition that the rule of *respondeat superior* then begins to operate. *Isbell* v. *New York & N. H. R. Co.*, 27 Conn. 393; *Evarts* v. *St. Paul, M. & M. Ry. Co.*, 56 Minn. 141, 57 N. W. 459; *Davis* v. *Ohio Valley Banking & Trust Co.*, 32 Ky. Law Rep. 627, 106 S. W. 843; *Stipetich* v. *Security Stove & Mfg. Co.* (Mo.), 218 S. W. Rep. 964. See, also, the cases on ejection of trespassers from railway trains, collected in notes to § 64, 1 Shearman & Redfield on Negligence (6th Ed.).

Applying these conclusions to the case at bar and without expressing any opinion on the issues of fact involved, we think there was some evidence from which the jury might have found that the driver's act in directing the minor plaintiff to ride on the running-board placed him in a position of peril known to the

driver, that the driver, in afterward operating the car on his master's business, did not use ordinary care to avoid injuring the minor plaintiff, and that the minor plaintiff himself was in the exercise of such care as might reasonably be expected from a boy of his age and experience.

There is error, the judgments are set aside, and a new trial is ordered in each case.

In this opinion the other judges concurred.