JOSEPH S. LESSARD *vs.* WILLIAM E. KNEELAND.

Hampden.　October 19, 1926. — November 23, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Volunteer; Invited person; Employer's liability: fellow servant. *Actionable Tort.*

At the trial of an action against the proprietor of a moving van, there was evidence that the plaintiff at the request of his mother, who was moving to his home, had engaged the defendant to move her furniture, and that while assisting employees of the defendant, at their request, in placing his mother's piano on the van, he was injured through the negligence of one of the employees. *Held,* that

(1) It could not rightly be ruled as a matter of law that the plaintiff was a volunteer;

(2) It could not rightly be ruled as a matter of law that the plaintiff was a fellow servant of the defendant's employees.

TORT, for personal injuries received when the plaintiff was assisting the defendant's employees in the placing of his mother's piano upon the defendant's moving van. Writ dated November 8, 1924.

· In the Superior Court, the action was tried before *Broadhurst,* J. Material evidence and exceptions by the de-

fendant are stated in the opinion.  There was a verdict for the plaintiff in the sum of $10,000, and the judge reported the action to this court for determination.

The case was submitted on briefs.

*A. R. Simpson, C. R. Clason, & G. J. Callahan,* for the defendant.

*W. H. Brooks, J. P. Kirby, & D. H. Keedy,* for the plaintiff.

SANDERSON, J.  This is an action of tort for personal injuries sustained by the plaintiff through the alleged negligence of the defendant's servants in causing a piano to fall upon him while they were loading it upon a truck.

The plaintiff, whose residence is in Springfield, Massachusetts, desired his mother, who was then living in Stafford Springs, Connecticut, to make her home with him, and to that end engaged the defendant to move her furniture, including three pianos, at an agreed price per truck load. In pursuance of that contract, the defendant sent his truck with two employees, Roberts and Knowles by name, to her home where the plaintiff met them.  The first article to be moved was a piano in a box, and Roberts asked the plaintiff to put a roller under it while it was being raised from the floor.  This request was complied with.  When the piano was outside the house on a walk, the plaintiff, at the request of Roberts, put the roller under the piano again as it was being lifted.  The defendant's employees then obtained two slabs six to eight feet long, and Roberts, after jumping upon the truck, asked the plaintiff to put the slabs under the piano as he and Knowles raised it, and the plaintiff placed them under the piano with one end on the truck and the other on the ground.  The plaintiff then, at Roberts' request, again took the roller.  He was on the left side of the piano and Knowles was on the right. Roberts stood in the truck at the rear end and with an iron hook took hold of the side of the box next to the plaintiff. At Roberts' suggestion, the piano was then lifted by him and Knowles and, while the plaintiff was bending down in the act of putting the roller between the slabs and the piano, Roberts took his hook from the box and jumped down from

the truck. The jury could have found that as a result of that act the piano fell toward the plaintiff, broke his ankle and otherwise injured him.

The exceptions of the defendant are based upon the refusal by the trial judge to direct a verdict in his favor, and to give two requests for rulings (numbered 2 and 6) to the effect that if Roberts or Knowles had authority to employ or ask the plaintiff to assist them and he did assist them, he became their fellow servant. The judge ruled without objection that there was no evidence of wanton and wilful misconduct. The jury returned a verdict for the plaintiff on the first count, which was based on negligence, and the judge reserved leave with the assent of the jury to enter a verdict for the defendant if, as matter of law, such verdict should be entered. Thereafter the defendant moved for the entry of a verdict in his favor in accordance with the leave reserved. The judge did not act upon that motion, but reported the case upon a stipulation in the following terms: "If I should have granted the defendant's motion for a directed verdict in his favor, then a verdict for the defendant is to be entered in accordance with the leave reserved, and judgment for the defendant entered thereon; otherwise the verdict for the plaintiff is to stand and judgment for the plaintiff entered thereon; unless my refusal to grant the defendant's said request No. 2 and No. 6, or either of them, constitutes prejudicial reversible error, in which event the verdict is to be set aside and a new trial granted." There was evidence for the jury of the negligence of the defendant's servant Roberts and of the plaintiff's due care.

The controlling question for decision is, whether as matter of law the plaintiff is prevented from recovery on the ground either that he was a volunteer or that he was a fellow servant with Roberts and Knowles. These questions were left to the jury to decide as questions of fact, with instructions not objected to, and the jury were directed to return a verdict for the defendant if they should find that the plaintiff was a fellow servant with Roberts and Knowles, or a volunteer. There could be no question about the authority of Knowles and Roberts to hire more help. The defendant,

called as a witness by the plaintiff, testified that he gave instructions to that effect before the accident. At the same time he testified that he was quite certain that he never hired the plaintiff and never paid him anything. The evidence of the plaintiff, that he was asked to help, was undisputed, and it was undisputed also that the plaintiff made the contract for moving the furniture and paid the defendant for the work after the moving was completed.

The trial judge instructed the jury in the language of the court in *Kalmich* v. *White*, 95 Conn. 568, 570, that "A volunteer . . . is one who, without the assent of the master and without justification arising from a legitimate personal interest, unnecessarily assists a servant in the performance of the master's business." In *Kelly* v. *Tyra*, 103 Minn. 176, it was said at page 179: "A volunteer is one who introduces himself into matters which do not concern him, or does or undertakes to do something which he is not legally nor morally bound to do, and which is not in pursuance or protection of any interest." In the case of *Welch* v. *Maine Central Railroad*, 86 Maine, 552, 565, the court said that a volunteer is "one who has no interest in the work, [and] undertakes to assist the servants of another," and that the controlling principle in determining whether a person is or is not a volunteer is the absence or presence of self-interest. See also *Wright* v. *London & North Western Railway*, 1 Q. B. D. 252; *Street Railway* v. *Bolton*, 43 Ohio St. 224.

The plaintiff testified that he was taking part in the moving because his mother had requested him to ask the defendant or some one to move the furniture and in doing this he wanted to see that the furniture was moved and that his mother was established with him in Springfield. It could not have been ruled that the plaintiff was a volunteer. The jury could have found that he was requested to assist and was acting for himself to promote his own interests in the performance of his contract with the defendant.

The judge was also right in refusing to rule that the plaintiff was the fellow servant with Roberts and Knowles. The question whether that relationship was established

depended upon contract. To constitute the plaintiff a servant of the defendant it was necessary either that he should have expressly assented to be employed or should have had such notice and knowledge of the circumstances that his assent to that relationship would be inferred from his contract. *Sprague* v. *General Electric Co.* 213 Mass. 375, 378. The mere fact that the plaintiff assisted Roberts at his request would not constitute him a servant of the defendant. If he rendered such assistance for the purpose of promoting his own work, he did not become a servant of the defendant or lose his right to be protected from the carelessness of the defendant's servants. *Sandon* v. *Kendall,* 233 Mass. 292, 297. It was a question of fact whether there was a temporary assumption of the relationship of employer and employee between the defendant and plaintiff. *Flynn* v. *Boston & Maine Railroad,* 204 Mass. 141, 144.

No error appears in the manner in which the court dealt with the questions raised by the defendant's motion and requests.

*Judgment for the plaintiff on the verdict.*