FRANK WASELIK, P. P. A., *vs.* THE FERRIE CONSTRUCTION COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 20th—decided December 22d, 1931.

*Charles A. Watrous,* with whom was *Morris Tyler,* for the appellant (defendant).

. *Charles A. Harrison,* with whom, on the brief, was *Milton G. Harrison,* for the appellee (plaintiff).

BANKS, J. The plaintiff, aged thirteen, was walking on the westerly side of Warwick Street Extension in New Haven, in a northerly direction, accompanied by another boy who was riding upon a bicycle. The plaintiff offered evidence and claimed to have proved that his companion had stopped to fix the pedal of his bicycle which had broken and that the plaintiff continued on ahead walking upon the left side of the road and was struck from behind by the defendant's truck; that the driver of the truck, although he saw the plaintiff when he was about two hundred feet distant, paid no further attention to him, that he was not keeping a proper lookout but was looking around and waving his hand to the boy who was fixing the bicycle, and did not reduce the speed of his truck which was being operated at a speed of between thirty and thirty-five miles an hour. The defendant offered evidence and claimed to have proved that the street where the accident happened was a private way, that the plaintiff was standing alone by the side of the road, his companion having ridden ahead of him on his bicycle, that, as the truck approached, the plaintiff indicated that he would like a ride and the driver of the truck waved him to stay away, but that he jumped for the left running board of the truck, missed it, and fell in front of the left rear wheel.

Which version of how the accident happened was the correct one was a question of fact for the jury. If the jury believed the testimony of the plaintiff and his companion, they could reasonably have reached the conclusion that the driver of the defendant's truck was not keeping a proper lookout, that his failure to do so was negligence and the proximate

cause of the accident, and that the plaintiff was free from contributory negligence. The court did not err in refusing to set aside the verdict.

The defendant claims that there was no evidence that the driver was not keeping a proper lookout or that he did not reduce his speed, that the paragraphs of the finding to that effect should be stricken out and that as thus corrected the finding does not contain a statement of the proof of facts sufficient to justify the charge of the court upon the doctrine of the last clear chance. As already stated, there was evidence from which it could reasonably be inferred that the driver was not keeping a proper lookout, and that he did not reduce his speed, and the plaintiff offered proof of facts sufficient to support a charge upon the doctrine of the last clear chance. The defendant claimed that the accident did not happen upon a public highway and that the duty it owed to the plaintiff was only that owed to a trespasser. The court charged the jury that it was the duty of the defendant to use reasonable care to avoid injuring a trespasser when his presence in a position of peril becomes known or by the exercise of reasonable care ought to become known. The defendant contends that this language is erroneous, since the only duty owed to a trespasser is to use ordinary care to avoid injuring him when his presence is actually known. This portion of the charge could not have been harmful to the defendant since it was undisputed that the driver of the truck saw the plaintiff and knew of his presence in the road when the truck was two hundred feet away, and he was thereafter under a duty to use reasonable care not to cause him injury. *Kalmich* v. *White*, 95 Conn. 568, 571, 111 Atl. 845; *Skladzien* v. *Sutherland Building & Construction Co.*, 101 Conn. 340, 342, 125 Atl. 614. This duty would include the obligation not to do him in-

jury under the circumstances involved in the application of the doctrine of last clear chance. Nor could the defendant complain of the court's definition of recklessness as a degree of negligence of a higher order than the ordinary common-law negligence. The most that could be said of this portion of the charge would be that the jury might have understood it as requiring proof of something more than ordinary negligence on the part of the driver of the truck which surely was not harmful to the defendant. The charge as to the degree of care required of the plaintiff, a boy of thirteen, was unexceptionable.

There is no error.

In this opinion the other judges concurred.