EDWIN P. HILL *vs.* MAE CARROLL WAY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 8th—decided August 8th, 1933.

*Ralph O. Wells* and *William S. Locke,* for the appellant (plaintiff).

*Samuel Campner,* with whom was *Louis Godfried,* and, on the brief, *Daniel Pouzzner,* for the appellee (defendant).

HAINES, J.  The plaintiff offered evidence that he was employed as a laborer by the proprietor of the Pease House, so-called, in Old Saybrook and was engaged with other employees in drawing certain iron rails from beneath the dining room of the hotel, which

is on the west side of the public highway known as Bridge Street. A rope seven eighths of an inch in diameter, had been attached at one end to the rails, and at the other to the rear of a truck which crossed the road to the opposite side, thus drawing the rails from under the dining room. While the rope was thus across the road, the defendant drove around the corner into Bridge Street, about three hundred feet north of the rope and continued rapidly toward it. The plaintiff did not personally stretch the rope across the road, but at this time was holding onto it and assisting in guiding it and signalling the driver of the truck. He was standing near the westerly edge of the street near a "no-parking" sign which was of metal, set on an iron post resting in a concrete foundation. The work was being done under the personal supervision of the proprietor. The defendant's attention was distracted by another automobile parked in front of the hotel and she did not see the rope; her car struck and broke it throwing the plaintiff against the sign and causing the injuries of which he complains. The defendant was driving at an excessive speed and without a proper outlook. After striking the rope the defendant's car proceeded for one hundred and sixty-seven feet before being halted by a third person.

The defendant, on the other hand, offered evidence that she drove only at a moderate speed and with due care; that the highway at that point was twenty-four feet wide with a four foot shoulder and was of dark macadam and the rope was dirty and dark colored, resting on the ground and pulled taut intermittently as the signal was given to the driver of the truck, and when so pulled taut, was twenty-six inches above the surface of the roadway. The evidence did not show just when the rope was pulled taut the last time. It was the plaintiff's duty to hold and guide the rope,

and especially to watch for and warn all approaching automobiles, and he was at the time, standing on the sidewalk. The defendant thought the parked car with people in it was about to start and so directed her attention momentarily to it. She sounded her horn and passed the car and ran into the rope, which at the moment was taut. No sign or other warning of the presence of the rope was given and the defendant did not know she had struck it, her attention being first attracted by shouts when she promptly stopped and inquired as to the cause. In this state of the evidence the plaintiff claimed that the defendant was guilty of negligence, thus causing his injuries, without any contributory negligence on his own part. This the defendant denied and pleaded that the rope thus stretched across the public highway was a common nuisance and this latter claim is conceded by the plaintiff to be a valid one.

In charging the jury, the court said, in part: "It being admitted that a nuisance in fact existed there, in order for you to find for the plaintiff, the fault on the part of the defendant must have been so extreme as to be equivalent to an indifference to the consequences." Also, "I further charge you in explanation of the rule of law involved, that if, in this case, injury was sustained by the defendant herself, that is if Mrs. Way had been hurt and were bringing suit, and she were the plaintiff, and if you further found the nuisance did in fact exist, then the fault that would bar her recovery would be a fault so extreme as to be equivalent to invitation of injury or at least indifference to consequences. By analogy, therefore, this defendant, Mrs. Way, cannot be held responsible, nor can a verdict be granted in favor of the plaintiff, unless you find that her conduct at the time and place was equivalent to invitation of injury or at least in-

difference to consequences. The rule of law involved in this case does not change merely because the defendant in this case is a defendant and not a plaintiff." These portions of the charge are assigned as error and constitute the sole ground of appeal.

The appellant concedes that the jury could not, upon the evidence, have reasonably found the defendant guilty of fault so extreme as to be equivalent to an indifference to consequences, and therefore claims that this portion of the charge amounted to a direction of verdict for the defendant. Two issues went to the jury under the pleadings; one was created by the general denial, under which the jury were to decide whether the defendant was guilty of plain negligence or the plaintiff guilty of contributory negligence, one or both. The other issue was created by the defensive plea of nuisance caused by the plaintiff. The nuisance is admitted, and the plaintiff's responsibility therefore is undeniable. The jury were entitled to an instruction which would enable them to decide correctly whether in view of the nuisance the conduct of the parties one or both, was such that the plaintiff was entitled to recover damages from the defendant.

The court told the jury that the defendant "being a traveler on the highway, had a right to assume that this being a public highway, was free from obstructions," and that "it being admitted that a nuisance in fact existed there, in order for you to find for the plaintiff, the fault on the part of the defendant must have been so extreme as to be equivalent to an indifference to the consequences."

Nuisance as a legal concept has more than one meaning. Where it does not have its origin in negligence it is sometimes characterized as an "absolute" nuisance, in which case a plaintiff's recovery is not barred save by "fault so extreme as to be equivalent to

invitation of injury or, at least, indifference to consequences." *McFarlane* v. *Niagara Falls,* 247 N. Y. 340, 347, 349, 160 N. E. 391; *Hoffman* v. *Bristol,* 113 Conn. 386, 393, 155 Atl. 499. An action for damages caused by an absolute nuisance is not controlled by the rules which govern an action for negligence, and the defense of contributory negligence which we apply in the latter, is not available to a defendant. It is a competent and permissible defense, however, that the plaintiff, with knowledge of the danger, voluntarily assumed it. While the distinction between this assumption of risk and the defense of contributory negligence is narrow in fact and not always an easy one to draw in varying circumstances, it often has a vital bearing on the rights of the parties to the action. Bohlen, Studies in the Law of Torts, pp. 514, 515; *McFarlane* v. *Niagara Falls, supra,* p. 349. On the other hand, where the nuisance is not an absolute one, but is one grounded in and the result of negligence, the plaintiff cannot recover unless he can establish reasonable care on his own part in the situation confronting him. "At least where the substance of the wrong [nuisance] is negligence, a plaintiff, though pleading nuisance, is under a duty to show care proportioned to the danger. Reasonable care is merely care so proportioned. The danger may be seen or unseen. If seen, there must be effort to avoid it. If unseen, the inquiry will be whether one using a street as travelers commonly do, would perceive the danger, and escape it." *McFarlane* v. *Niagara Falls, supra,* p. 347. Illustrative comments bearing more or less directly upon the distinction between the two classes of nuisance, may be found in the following cases among others: *Muller* v. *McKesson,* 73 N. Y. 195; *Lynch* v. *McNally,* 73 N. Y. 347; *Worth* v. *Dunn,* 98 Conn. 51, 62,

118 Atl. 467; *Southern New England Ice Co.* v. *West Hartford,* 114 Conn. 496, 159 Atl. 470.

The principles above discussed have their most common application in cases where a plaintiff alleges the creation or maintenance of a nuisance by a defendant. In the present case the situation is reversed. The plaintiff seeks to hold the defendant for negligence and the latter sets up as a special defense, that the plaintiff was creating a nuisance. The conceded facts are such that the jury could not reasonably have found otherwise than that this nuisance was the result of negligence. It is conceded that it was the plaintiff who assisted in guiding and holding the rope which caused the obstruction to travel; it was he who signaled the operator of the truck to stop or go causing the rope to be intermittently relaxed and taut; the plaintiff was looking at the rails at the moment of collision and did not see the defendant or give her any warning of danger though this was one of his duties. While the rope lay relaxed on the roadway there was no appreciable danger to any one, but when it was drawn taut by the truck driver in response to the signal of the plaintiff, then the dangerous nuisance was created. Where several persons join in creating a single nuisance they are each equally answerable therefor. *McDonald* v. *Dundon,* 242 Mass. 229, 136 N. E. 264; *Simmons* v. *Everson,* 124 N. Y. 319, 323, 26 N. E. 911; *State* v. *Hoxsie,* 15 R. I. 1, 5, 22 Atl. 1059; *Brown* v. *Lent,* 20 Vt. 529, 531; 46 C. J. 749; 20 R. C. L. 347.

The plaintiff being responsible for the maintenance of a negligent nuisance resulting from his own acts, what degree of care could he require of the defendant to avoid injuring him?

Neither the diligence of counsel nor our own investigations have brought to our notice a specific ruling

upon this exact question. If the nuisance was hidden and the danger could not have been reasonably foreseen, the duty resting upon the defendant would have been a very limited one. Entitled to assume that the public highway would not be obstructed by a dangerous nuisance, her only duty was that placed upon her by the charge we are discussing. On the other hand, a traveler on the highway is charged with seeing what is reasonably observable. He is presumed to have seen what he reasonably could have seen. The jury were not told this, nor was their attention directed to the question whether this defendant saw, or could reasonably have seen, the truck on one side of her path, the plaintiff on the other side, and the rope extending from his hand to the truck across the road. If the jury had so found, then the duty of the defendant was not the same as when faced with a hidden danger; she was obligated to use a greater degree of care than that which is characterized as an indifference to consequences. She was required to exercise that degree of care which would have been exercised by a reasonably prudent person under such circumstances.

This rule seems to have been the underlying basis for the decision in *Geise* v. *Mercer Bottling Co.*, 87 N. J. L. 224, 94 Atl. 24, where a truck was driven into a deep rut negligently created by a traction company, causing the truck to run over and injure a bystander; and in *Shearer* v. *Puent,* 166 Minn. 425, 208 N. W. 182, where a plaintiff had stretched a chain across the roadway and the defendant ran into it, tipping over a wrecker to which it was attached and injuring the plaintiff; and in *Hott* v. *New Haven,* 92 Conn. 29, 101 Atl. 498, where a defendant ran into a sagging wire, negligently permitted by a third party, causing a pole to fall on the plaintiff.

We cannot concede that if one sees or should see a negligent nuisance, amounting to a dangerous obstruction in the highway he may, without exercising the care of a reasonably prudent person under the circumstances, drive into the obstruction and then successfully plead the existence of the nuisance to free himself from the consequences of his action, even though the person injured is the one whose negligence created the nuisance.

The charge which we have been discussing, absolved this defendant from this obligation of reasonable care under the circumstances, and we must hold it to be reversible error.

There is error and a new trial is ordered.

In this opinion HINMAN and AVERY, Js., concurred.

MALTBIE, C. J. (dissenting). I am not able to agree with the rule of law as to the duty of the defendant stated in the majority opinion. The plaintiff was a party to the creation of an obstruction in the highway amounting to a common nuisance, and was equally responsible with the others for the creation of that nuisance. The question presented is, what duty did the defendant driver owe to him to avoid the danger of his suffering injury. Whether one owes a duty to another and if so the nature of that duty depends upon the relationship in which they stand to each other. *Pomponio* v. *New York, N. H. & H. R. Co.,* 66 Conn. 528, 536, 34 Atl. 491; *Whitney* v. *New York, N. H. & H. R. Co.,* 87 Conn. 623, 630, 89 Atl. 269. Counsel cite no case, and our investigation has disclosed none, in which the question is presented as to the duty owed by the driver of an automobile upon a highway to one engaged in maintaining an obstruction upon it in the nature of a common nuisance.

The analogy to the case of the duty owed to a trespasser upon property readily occurs, for both are wrongdoers, engaged in wrongs not greatly dissimilar in the aspect involved in the case before us. As to trespassers, the rule is generally stated to be that until their presence has become known the only duty owed to them is to avoid injury to them by wilful or wanton acts. 45 C. J. 742; *Kalmich* v. *White,* 95 Conn. 568, 571, 111 Atl. 845. This statement is so general as perhaps not to be greatly helpful in particular cases. Its scope is illustrated, however, by such a case as *Johnson* v. *Patterson,* 14 Conn. 1, where we held the defendant liable for poisoning his neighbor's chickens which were trespassing upon his land and disapproved the doctrine that a landowner would not be liable for injuries done to trespassers by such means as concealed spring guns and the like. To the general rule we have stated, we have recognized an exception where the owner of property or his servants know that the presence of trespassers is to be expected, and have held that there is in such a situation a duty to exercise a reasonable outlook to discover their presence. *Carlson* v. *Connecticut Co.,* 95 Conn. 724, 729, 112 Atl. 646. Aside from such cases as we have mentioned, there is no duty to exercise reasonable care to avoid injury to a trespasser until his presence becomes known. *Fitzmaurice* v. *Connecticut Ry. & Ltg. Co.,* 78 Conn. 406, 62 Atl. 620; *Wilmot* v. *McPadden,* 79 Conn. 367, 374, 65 Atl. 157; *Whitney* v. *New York, N. H. & H. R. Co.,* 87 Conn. 623, 630, 89 Atl. 269; *Kalmich* v. *White, supra; Salemme* v. *Mulloy,* 99 Conn. 474, 480, 121 Atl. 870; *Waselik* v. *Ferrie Construction Co.,* 114 Conn. 85, 87, 157 Atl. 642; *Sheimbob* v. *Ringling,* 115 Conn. 62, 64, 160 Atl. 429. On the one hand, a person who sees fit to commit a trespass is deemed to assume the risk of any dangers he

may incur or, to put it in the vernacular, he takes his chances. *Wilmot* v. *McPadden, supra; Pastorello* v. *Stone,* 89 Conn. 286, 289, 93 Atl. 529; 1 Street, Legal Foundations, 155. On the other hand, as the presence of a trespasser is not to be expected there is not present that element of foreseeability of danger inherent in the concept of negligence. *Carlson* v. *Connecticut Co., supra;* 1 Street, Op. Cit., 155, note.

These same elements enter into the situation in the case of one who unlawfully puts an obstruction in the nature of a common nuisance across a highway. He is engaged in a wrongful act and may properly be deemed to have assumed the risk incident to his conduct; and the driver upon the highway has no reason to expect that he will be confronted by an unlawful obstruction. Such a driver owes no duty to avoid injury to one responsible in whole or in part for that obstruction until he becomes aware of it or at least knows that its presence is reasonably to be expected; and then he does owe the duty to use reasonable care to avoid running into it. In the instant case there is no claim made by the plaintiff that the defendant saw the obstruction in time to avoid it or had any reason to expect it. It is conceded that there was nothing in the defendant's conduct amounting to recklessness, and therefore necessarily nothing amounting to wanton or wilful misconduct. The charge of the court was, if anything, too favorable to the plaintiff.

In this opinion BANKS, J., concurred.