Sullivan, J.
In this action of tort the plaintiff seeks damages for injuries alleged to.have been received by him, while in the employ of the defendant upon its premises.
The answer set up a general denial and alleged contributory negligence on the part of the plaintiff.
There was evidence tending to show that the plaintiff was engaged to work on the defendant’s premises as a plumber, to take apart certain beer pipes that were located behind the bar; that other men were employed who were not fellow workers of the plaintiff to install a so-called Kooler-Keg system in the bar, that while the latter workmen were engaged in attempting to free a crate that had become wedged in a circular stairway, which extended from behind the bar to downstairs, the plaintiff preferred his services to assist in freeing the crate; that after giving such *255 assistance voluntarily and without success the plaintiff removed his hands from the crate and stood aside on the stairway near a man who was attempting to extricate the crate; that the latter pulled a board up from the crate with such force it struck the plaintiff. The plaintiff’s assistance was not asked by the defendant or by anybody working for it.
There were fifteen requests for rulings of law filed by the defendant of which seven were allowed four were denied and four were not passed upon because of the court’s findings of fact. The court in finding for the plaintiff in the sum of one hundred fifty dollars declared that the plaintiff was in the exercise of due care and that the defendant was negligent; that at the time the plaintiff was injured he was standing where he had the right to be and was not a volunteer nor was he rendering assistance.
The report contained all the evidence material to the issues involved. '
It is contended by the defendant that the plaintiff was a volunteer and in such case it owed a duty to the plaintiff to refrain from injuring him by wilful, wanton and reckless conduct.
A volunteer is defined as * * * “one who without the assent of the master and without justification arising from a legitimate personal interest unnecessarily assists a servant in the performance of the master’s business (Kalmuch v. White, 95 Conn. 568, 570). Lessard v. Kneeland, 257 Mass. 455, 458.
In Kelly v. Tyra, 103 Minn. 176, 179, a volunteer is described as * * * “one who introduces himself into matters which do not concern him, or does or undertakes to do something which he is not legally nor morally bound to do and which is not in pursuance or protection of any interest.” Lessard v. Kneeland, 257 Mass. 455.
*256 A volunteer is further described in Welch v. Maine Central Railroad, 86 Me. 552, 565 as * * * “one who has no interest in the work (and) undertakes to assist the servants of another” * * * the controlling principle in determining whether a person is or is not a volunteer is the absence of self interest. The evidence tends to show that the plaintiff was engaged by the defendant as a plumber to take apart certain beer pipes that were in back of the bar on the defendant’s premises. There is no evidence that he was employed for any other purpose and to engage in any other work or undertaking on the premises' was outside his contract of employment. There is no evidence that he was requested by the defendant or its agents to render assistance to the three men employed to do other work i. e. to install a Kooler-Keg system, nor is there any evidence indicating that it was necessary for the plaintiff while in the performance of his limited employment to work with or cooperate with the other workmen. The work of the men to extricate the crate on the narrow stairway was a matter which did not concern him nor was he legally or morally bound to offer assistance. There was no justification for his act.
The defendant further contends that the defendant or his agents were not negligent. There is no evidence that the unit that was in the act of being carried down a narrow winding stairway was made by the defendant nor that it was known by it to have been improperly or negligently packed nor if any portion of the case was improperly or negligently packed nor if any portion of the case was improperly secured or put together, nor was there any evidence that the defendant by the exercise of reasonable care could have known that the packing case was not substantially put together.
In Kelley v. W. D. Quimby & Co., Inc., 227 Mass. 93, 94, 95, the plaintiff was injured by reason of glass falling upon *257 her foot due to a defective condition of a bracket supporting said glass attached to a show case in the store of Henry Siegel from whom the defendant had acquired the privilege of selling candy. There was no evidence as to the manner in which the bracket was forced from its original position or how long it was out of position before the accident took place or that the defendant or his agents or servants knew of the defective condition or that the glass might fall, or that he might have been informed of it by the exercise of reasonable care.
We are of the opinion that the plaintiff has not sustained his burden of proving the defendant in the circumstances to be guilty of any negligent act. After ceasing his unsuccessful efforts to free the crate the plaintiff was negligent in standing on the narrow stairs and his presence limited the space in which the three men could work and because of his close proximity to them he received his injuries. He had no right to be there. He was not in the exercise of due care.
In the circumstances the defendant owed no duty to the plaintiff.
“There can be no negligence unless there is a duty. Negligence consists in doing or omitting to do an act in violation of a legal duty or obligation due to the person sustaining injury. ” Bergeron v. Forest, 233 Mass. 392, 399.
Because of our finding we deem it unnecessary to set out the defendant’s requests for rulings but will refer in brief to #1 and #2 i. e. “1. Upon all the evidence there is sufficient evidence to warrant the court in finding under all the circumstances of this case that the defendant was not negligent. 2. Upon all the evidence there is sufficient, evidence to warrant the court in finding under all the circumstances of this case that the plaintiff was contributorily negligent.” It was prejudicial error to deny these requests. *258 They should have been given because of the reasoning above set forth. The finding for the plaintiff is vacated and a finding for the defendant is ordered.