## HELD AT LITCHFIELD, FOR THE COUNTY OF LITCHFIELD,

### ON THE FOURTH TUESDAY OF MAY, 1880.

Present,

PARK, C. J., CARPENTER, PARDEE, LOOMIS AND GRANGER, JS.

---

TALLMADGE BAKER, TREASURER OF THE STATE, *vs.* GEORGE H. BALDWIN AND OTHERS.

The defendants were sureties of a sheriff on an official bond for $10.000, of which the condition was as follows:—" That whereas the said *B* has been duly appointed sheriff of Litchfield County for three years from June 1st, 1875, according to the provisions of the constitution and laws of the state, and has accepted said appointment and undertaken the obligations and duties incident to said office; now if the said *B* shall faithfully discharge the duties of said office and answer all damages which any person may sustain by any unfaithfulness or irregularity in the same during said term of three years, then this obligation is to be void." In March, 1876, a writ of attachment was placed in the sheriff's hands directing him to attach the property of the defendant therein to the amount of $300. The sheriff attached personal property, completed the service of the writ, and made return in the usual form. Judgment was recovered by the plaintiff in the suit in November, 1878, after the expiration of the sheriff's term, for $258. Execution was issued and demand made upon it on the sheriff by a proper officer for the property attached for the purpose of levying the execution upon it, but the sheriff neglected to deliver it or to pay the amount of the judgment. Held that the defendants were liable upon their bond, although the default occurred after the end of the three years.

It was a part of the duty of the sheriff to keep the property and have it forthcoming on demand, although not demanded until after the close of his official term. This duty was "incident to his office," within the meaning of the bond.

And the undertaking of the sureties was co-extensive with the duties of the sheriff.

The command of the writ being to attach property to the amount of $300, and the sheriff having made return that he had attached personal property in obedience to the writ, and not having made return that the property was insufficient or that other property could not be found, it was to be presumed that he had attached property of sufficient amount to pay the judgment.

DEBT on an official bond to the treasurer of the state for the faithful discharge by George H. Baldwin, the principal obligor, of the duties of sheriff of Litchfield County, the other defendants being sureties upon the bond: brought to the Superior Court, and tried to the court before *Hovey, J.* Facts found and judgment rendered for the plaintiff and motion in error by the defendants. The case is sufficiently stated in the opinion.

*G. A. Hickox,* for the plaintiffs in error.

1. "Liabilities of sureties are *strictissimi juris,* and cannot be extended by construction or enlarged by the acts of others." *People* v. *Pennock,* 60 N. York, 426; *Miller* v. *Stewart,* 9 Wheat., 680; *Myers* v. *United States,* 1 McLean, 493.

2. A sheriff's bond is unknown to the common law, and this court has already decided that it does not provide against malfeasance on his part, but simply against misfeasance and non-feasance while in office. *Coite* v. *Lynes,* 33 Conn., 114. It is a creation of statute and should be confined to his statute liability; there is no default of statute duty in the present case. Gen. Statutes, p. 31, sec. 5.

3. No breach of the bond now in suit is proved. There is no evidence, or allegation even, of any default of duty on the part of the sheriff till about seven months after the expiration of the three years' term "from and after the 1st day of June, 1875," to which the defendants' liability is restricted by the express terms of the bond. *Williams* v. *Miller,* Kirby, 189; *Welch* v. *Seymour,* 28 Conn., 387; *Warren* v. *The State,* 11 Misso., 583; *Governor* v. *Robbins,* 7 Ala. N. S., 79; *Bruce* v. *United States,* 17 How., 437; *Dover* v. *Twombly,* 42 N. Hamp., 67; *Kitson* v. *Julian,* 4 El. & Bl., 854.

4. In one particular, of vital importance in the present case, the duties and the liabilities of sheriffs and their sureties differ from the duties and liabilities of treasurers, collectors, &c., and their bondsmen. Officers of the latter class must, immediately on retirement from office, pay over

all the funds of their official trusts to their successors. Unless they do this, there is an immediate breach of their official bonds, on which suit may be brought forthwith without demand. *Egremont* v. *Benjamin*, 125 Mass., 19; *Bulkley* v. *Finch*, 37 Conn., 84. The duty of the sheriff, on the other hand, requires him to keep in his possession, after retirement from office, all the property he has taken upon mesne process, till it is demanded of him by the parties found entitled thereto by determination of the suits in which it was attached. Unless an actual conversion or other improper disposition of the property can be proved, none will be presumed; his liability will begin with, and date from, the demand and refusal. If re-elected, it is the new sureties, not the old, who will be held liable, unless they can show a conversion or improper disposition of the property during the previous term. In this respect their liability is the same as that of the sureties of treasurers, collectors and the like, re-elected to successive terms. *Bruce* v. *United States*, 17 How., 437; *Governor* v. *Robbins*, 7 Ala. N. S., 79; *Dumas* v. *Patterson*, 9 id., 484; *Sherrell* v. *Goodrum*, 3 Humph., 419; *Vivian* v. *Otis*, 24 Wis., 518; *Thomas* v. *Blake*, 126 Mass., 320; *Bissell* v. *Saxton*, 66 N. York, 55.

5. The rule of damages in this case is the value of the property attached. The amount for which the sheriff was directed to attach in the original suit, in the words of the court in *Jones* v. *Gilbert*, 13 Conn., 523, "had no just bearing on the amount of damages." The declaration, even had there been a general *ad damnum* clause, as in assumpsit, trespass and trover, would have been bad on demurrer. *Treat* v. *Barber*, 7 Conn., 279; *Palmer* v. *Gallup*, 16 id., 562; *Morgan* v. *Myers*, 14 Ohio, 538; *Reading* v. *Clarke*, 4 Barn. & Ald., 268. In the present action, in which, by the terms of the statute and of their bond, the defendants are liable only to answer such damage as Caffrey has sustained, the allegation of the value of the cattle, which is merely descriptive in the actions of trespass, trover, &c., (1 Chit. Pl., 377), becomes an indispensable averment. There is nothing in this declaration which indicates even

approximately the damage Caffrey claims to have sustained; and, consequently, none of the accuracy our courts require in the assignment of breaches of official bonds. *Mills* v. *Skinner*, 13 Conn., 436.

6. Even if such a defect in a declaration is cured by verdict the absence of any evidence of the amount of damage on the trial is not cured. " The expression *cured by verdict*," says Chitty (1 Pl., 673), " signifies that the court will, after verdict, presume or intend that the particular thing which appears to be imperfectly stated or omitted in the pleading, was duly proved at the trial." As it appears in the record in the present case that there was no such proof, and that exception was taken to the lack of it by the defendants on the trial below, no such presumption can arise. *Treat* v. *Barber*, 7 Conn., 278.

*C. B. Andrews* and *D. C. Kilbourn*, for the defendant in error.

PARK, C. J.   The defendants are sureties on a bond of ten thousand dollars given by one George H. Baldwin as sheriff of the county of Litchfield for the faithful performance of the duties of his office as sheriff.   The condition of the bond is as follows:—" The condition of the said obligation is such, that whereas the said George H. Baldwin has been, by the electors of Litchfield County, duly appointed sheriff of said county for three years from and after the first day of June, 1875, according to the provisions of the constitution and laws of the state of Connecticut, and has accepted said appointment, and undertaken the obligations and duties incident to said office.   Now if the said George H. Baldwin shall faithfully discharge the duties of said office, and answer all damages which any person or persons may sustain by any unfaithfulness or neglect in the same during said term of three years, then this obligation to be null and void; otherwise to be and remain in full force, power and virtue in law."

In the month of March, 1876, a proper writ of attachment, in favor of one Caffrey and against one Hitchcock, was placed in the hands of Baldwin as sheriff to serve, the writ

directing him to attach property to the value of three hundred dollars. On the following day Baldwin served the writ, and made an attachment of personal property belonging to the defendant in the suit, afterwards completing the service and making return that he had "attached the property under the writ." Caffrey recovered judgment in the suit against Hitchcock, at the November term of the Superior Court for the county of Litchfield, in the year 1878, after Baldwin's term as sheriff had expired, for $182.70 damages, and $75.32 costs of suit. Execution was duly issued on the judgment, and a proper demand was made on the execution upon the defendant in the suit, within sixty days from the rendering of the judgment, both for the amount of the judgment and for property on which to levy the execution, but the defendant neglected and refused either to pay the judgment or to turn out property to be levied on. A demand was also made by the officer upon Baldwin for the property that had been attached by him in the suit, for the purpose of levying the execution upon it, and on his neglect to deliver it for the amount of the judgment, but he neither delivered the property nor paid the judgment.

These are the principal facts in the case, and the important question is, do they establish the liability of the defendants as sureties on the bond?

The constitution of the state provides that the sheriff shall be elected for the term of three years, and that he shall become bound with sufficient sureties for the faithful discharge of the duties of his office; not for a part of those duties, but for all that shall, under any circumstances, devolve upon him as sheriff during the three years for which he is appointed. The statute provides that "no person shall enter upon the duties of sheriff until he shall have executed a bond of ten thousand dollars with two or more sureties    *    * conditioned that he will faithfully discharge the duties of his office, and answer all damages which any person may sustain by his unfaithfulness or neglect in their discharge." It is obvious that the statute intends that the bond shall cover all unfaithfulness on the part of the sheriff, of every kind, which

shall occur while he is performing or assuming to perform any of the duties which his office requires him to perform.

It was clearly the duty of the sheriff to keep the property attached to await the result of the suit in which the attachment was made. Drake (on Attachment, § 299,) says:—"The removal of an officer from office between the time of levying the attachment and that of the issue of execution will not excuse his failure to produce the property to meet the execution; for his special property remains to secure the plaintiff in the fruits of his judgment." See also *Turkey* v. *Smith,* 18 Maine, 125; *McKay* v. *Harrower,* 27 Barbour, 463.

The defendants concede that such was the duty of the sheriff, but they base their defense upon the phraseology of the condition of the bond, which, they say, expressly confines their liability to such unfaithfulness or neglect of the sheriff as occurred previously to the first day of June, 1878, when his term of three years expired. And inasmuch as the neglect of the sheriff to produce the property to be levied upon on the execution occurred after that time, they claim that they are not responsible for the neglect.

We do not consider it important to determine, as matter of law from the facts found, when the neglect of the sheriff in fact occurred, for we are satisfied from the condition of the bond that the undertaking of the defendants was co-extensive with the duties of the sheriff, and they are therefore responsible for such neglect whenever it occurred. The condition of the bond goes on to recite the election of the sheriff for three years, according to the constitution and laws of this state, and that he had accepted the office, and had undertaken to perform the obligations and duties incident to it. This language embraces all the duties that could possibly devolve upon the sheriff by virtue of his office; and if it was his duty as sheriff to keep the property in question till it should be called for by the officer serving the execution, then the condition is to be regarded as referring to this duty in common with others, and is equivalent to an express statement of it. Now the undertaking of the defendants, which follows this recital in the condition, was obviously intended

to be as extensive as the recital itself. And in fact it is as extensive, although it contains the phrase "during said term of three years."

The obligation of the sheriff to keep the property till it should be called for on the execution arose by virtue of the attachment which was made "during said term of three years." When the attachment was made the sheriff at once assumed this obligation and duty, and the undertaking of the defendants bound them for the faithful performance by the sheriff of all obligations and duties that should arise "during said term of three years."

Again, the phrase, "during said term of three years," should be construed, in the defendants' undertaking, as meaning *incident to said term of three years*. As we have seen, the condition recites the fact that the sheriff had been elected for the term of three years, and that he had "undertaken the obligations and duties incident to said office," that is, incident to said term of three years. Now the undertaking should be construed as equally extensive with the recital, which is the basis of the undertaking; and if so, then the phrase should be construed as meaning *incident to said term of three years*, which would include all obligations and duties which had their origin during that time. Moreover, "said term of three years" refers to the term described in the recital, and by every rule of construction means the same thing, and covers all the duties and obligations therein described. A sheriff who commences the service of process is required by statute to complete the service if his term of office shall expire before it is done. Can there be any doubt that a bond of this character would bind the sureties in such a case, if the sheriff should neglect, after his term of office had expired, to make return of a writ of attachment on which property had been taken, and in consequence of such neglect the claim of a creditor had been lost?

Again, the phrase "during said term of three years" was used in the condition of the bond merely as descriptive of the sheriff's *term of office*, and not as restrictive of the defendants' obligations. The sheriff was elected for three years.

That is the constitutional requirement, and if there are duties and obligations incident to the term of office that require more than three years for their discharge, they are covered by the phrase "during said term of three years." A distinction should be made between the "term of three years," as used in the condition of the bond, and three years as a period of time. The "term of three years" is the sheriff's term of office, and includes whatever time is necessary for the performance of all the duties which are incident to his term of office.

The conclusion then is, that the undertaking of the defendants was co-extensive with the duties and obligations of the sheriff, and that they are therefore responsible for his neglect to keep the property attached to respond to the demand on the execution.

The defendants further claim that the value of the property attached is the rule of damages in such a case as this; and that inasmuch as no evidence of such value was produced on the trial, and there being no allegation of such value in the plaintiff's declaration, there can be no presumption after judgment that such value was proved; especially as it is found that defence to the action was made on that ground.

If the value of the property attached in a given case is less than the amount of the judgment recovered, and no complaint is made of any misconduct of the sheriff in not attaching more property, then the value of the property attached would be the rule of damage. But if the value of the property attached is equal to or more than the amount of the judgment recovered, then the amount of the judgment would be the rule of damages. The plaintiff's declaration proceeds upon the ground that the value of the property attached was equal to or more than the amount of the judgment recovered, and that therefore the amount of the judgment is the amount of damage the plaintiff had sustained by reason of the misconduct of the sheriff.

The writ commanded the sheriff to attach property to the value of three hundred dollars, which was a reasonable amount in reference to the plaintiff's claim. Consequently

it was the duty of the sheriff to obey the command if the defendant in the suit had visible attachable property to that amount. He made an attachment of personal property and made return that he had attached it in obedience to the writ, and there is no statement that the defendant had no other visible attachable property. The presumption then is that the sheriff performed his duty till the contrary appears, and attached property to the value of three hundred dollars.

There is no error in the judgment complained of.

In this opinion the other judges concurred.