MAGGIE GALLIGAN *vs.* METACOMET MANUFACTURING
COMPANY.

Bristol.   Oct. 28, 1886. — Feb. 23, 1887.   DEVENS & W. ALLEN, JJ.,
absent.

In an action by a child against a corporation for personal injuries sustained by the
plaintiff from falling down a precipitous place in a vacant lot where he was
playing, the lot being in the rear of the premises where he lived, and separated
therefrom by a picket fence with a gate, the only evidence tending to connect
the defendant with the lot was that the fence and gate were built by the defend-
ant's workmen about five years previously, and that the workmen had a key to
the gate.   There was no evidence to show that the defendant owned, or occu-
pied, or had the care of the lot; or that it had any right to place a fence along
the brow of the precipice; or that, at the time of the accident, it used a road
leading through the gate, or left the gate open on the day of the accident; or
that it ever, in any way, induced or invited the plaintiff or other children to
come upon the vacant ground to play; or that it ever did anything more than
merely to suffer and permit the use of the lot by children.   *Held,* that the action
could not be maintained.

C. ALLEN, J.   The plaintiff, a child seven years of age, seeks
to recover damages from the defendant corporation for an in-
jury sustained by her from falling down a precipitous place in
a vacant lot where she was playing; the lot being in the rear of
the premises where she lived, and separated therefrom by a
picket fence, with a gate.   But we are unable to find anything
in the evidence reported which shows that the defendant owed,
or in any way failed in, any duty to the plaintiff in respect to
the condition of the lot.   The only evidence tending to connect
the defendant therewith was that the fence and gate were built
by the defendant's workmen about five years ago, and that the
workmen had a key to the gate.   There was no evidence to
show that the defendant owned, or occupied, or had the care
of the lot, or even that it had any right to place a fence along
the brow of the precipice; or that, at the time of the accident,
it used the road which leads through the gate, or left it open on
the day of the accident; or that it ever, in any way, induced or
invited the plaintiff or other children to come upon the vacant
ground to play, or that either the defendant or any other cor-
poration, or any person owning or occupying the lot, ever did
anything more than merely to suffer and permit the use of the

lot by the children. Merely abstaining from driving the children off is not an invitation which would impose any duty or responsibility for the condition of the lot. *Sweeny* v. *Old Colony Railroad*, 10 Allen, 368. *Davis* v. *Central Congregational Society*, 129 Mass. 367, 371. *Morrissey* v. *Eastern Railroad*, 126 Mass. 377. *Severy* v. *Nickerson*, 120 Mass. 306. *Carleton* v. *Franconia Iron & Steel Co.* 99 Mass. 216.

     *Judgment on the verdict for the defendant.*

*E. L. Barney*, for the plaintiff.

*J. M. Morton & A. J. Jennings*, for the defendant.