JOHN PASTORELLO, ADMINISTRATOR, vs. FREDERICK H. STONE ET AL.

First Judicial District, Hartford, March Term, 1915.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A landowner is under no obligation to keep his premises in safe condition for the use of trespassers or mere licensees, whether they be infants or adults.

Proof that a mill owner had not forbidden or prevented children from playing upon the mill premises, although he knew that they were accustomed to play there, may be evidence of a license, but does not constitute an invitation for them to enter.

The doctrine of the "turntable" and "attractive nuisance" cases has not been accepted in this State.

Argued March 2d—decided March 26th, 1915.

ACTION to recover damages for causing the death of the plaintiff's intestate by the alleged negligence of the defendants, brought to and tried by the Superior Court in Litchfield County, Webb, J., upon a demurrer to the substituted complaint; the court sustained the demurrer and rendered judgment for the defendants, from which the plaintiff appealed. No error.

Caleb A. Morse and Thomas J. Wall, for the appellant (plaintiff).

Howard F. Landon, with whom was Wilbur G. Manchester, for the appellees (defendants).

THAYER, J. The defendants own and occupy a mill and mill-privilege and pond, abutting southerly on Boyd Street in the borough of Winsted and abutting westerly on land owned by the parents of the intestate. The mills of the defendants were situated about three rods northerly of Boyd Street, and an entrance or road extended northerly from the street to the mills, abutting easterly on the pond. Near the street this entrance or road to the mills was partly on the Pastorello home lot and partly on land of the defendants, but the northerly part of the entrance or road was wholly upon the defendants' land. There was no division fence between the Pastorello land and the land of the defendants, and no fence or railing between the entrance or road and the pond. At the upper end of the entrance way the defendants maintained a bridge, without railings, across the pond to one of their mills on the easterly side of the pond. The entrance way and bridge were used by the public as an entrance to the defendants' premises. The land and entrance to the defendants' premises just south of the unguarded bridge in front of the factory, and to the south of the pond and west of the entrance to the factory, was used by children as a playground, to the knowledge of the defendants, and was a dangerous place, and children had, to the knowledge of the defendants, fallen into the water from the side of the unguarded bridge and roadway. On October 20th, 1913, the plaintiff's intestate, with other children, was playing at or near the end of the bridge and wholly upon land of the defendants, when he slipped and fell from the bridge or embankment into the water and was drowned. The defendants maintained no sign or warning of any kind giving notice of the dangerous character of the place. These are the substantial facts alleged in the complaint, and it is averred that the death of the intestate

was caused by the defendants' negligence in leaving the bridge and entrance to the mill unguarded by railing or fence, and without any sign or other warning of danger, when they had reason to anticipate that children would come upon the premises and when they knew of accidents which had occurred and had been warned of the danger. The complaint was demurred to upon the ground that it did not appear from the complaint that the intestate was rightfully upon the defendants' land when he slipped and fell into the pond, that the complaint alleged no facts which raised a duty on the part of the defendants toward the intestate which they left unfulfilled, and because the complaint showed no active negligence of the defendants toward the intestate.

So far as appears from the complaint, the plaintiff's intestate was a mere trespasser or licensee upon the defendants' premises. It is not alleged that he was there by the defendants' invitation, and an invitation cannot be implied from the facts which are alleged. From these it appears that the place where the accident occurred must have been at least two rods from the public highway, Boyd Street. It is not alleged that the intestate passed from the highway to the place of the accident, and it appears that this place was adjacent to the homestead of his parents. The intestate was not upon the defendants' premises for any purpose connected with their business, but was there with other children for his own amusement. It does not appear that the defendants had knowledge of his presence there. That the defendants knew that children were accustomed to play there and had not forbidden or prevented them, did not constitute an invitation. Mere acquiescence in the presence of trespassers on one's premises, or neglect to drive them off, may be evidence of a license, but does not con-

Pastorello *v.* Stone.

stitute an invitation to them to enter. *Galligan* v. *Metacomet Mfg. Co.*, 143 Mass. 527, 528, 10 N. E. 171; *Plummer* v. *Dill*, 156 Mass. 426, 427, 31 N. E. 128; *Hargreaves* v. *Deacon*, 25 Mich. 1, 5; *Klix* v. *Nieman*, 68 Wis. 271, 274, 32 N. W. 223.

The owner of land owes no duty to a trespasser or licensee to keep the premises in safe condition for their use. When they enter upon another's land they take it as they find it, and cannot assume that the owner has made it safe for persons so entering. Danger arising from the condition of the premises is assumed by them. *Wilmot* v. *McPadden*, 79 Conn. 367, 375, 65 Atl. 157; *Reardon* v. *Thompson*, 149 Mass. 267, 268, 21 N. E. 369; *Beehler* v. *Daniels, Cornell & Co.*, 18 R. I. 563, 565, 29 Atl. 6. This is true of infant as well as of adult trespassers and licensees. *Wilmot* v. *McPadden, supra; Buch* v. *Amory Mfg. Co.*, 69 N. H. 257, 259, 44 Atl. 809; *Hargreaves* v. *Deacon, supra.*

The doctrine of the "turntable" and "attractive nuisance" cases has not been accepted in this State; *Wilmot* v. *McPadden, supra*, pages 377, 378; but had it been, the facts in the present case are not such as to bring it within the rule adopted in that class of cases. The demurrer to the complaint was properly sustained.

There is no error.

In this opinion the other judges concurred.