MARGAURITE FRY *vs.* MICHAEL TAYLOR ET AL.

Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A sheriff is liable for all damage caused by reason of his neglect or wrongdoing.

The trial court found that the defendants, a deputy sheriff and his assistant, acting under authority of an execution issued upon a judgment rendered against the plaintiff in an action of summary process, forced the locked door of her house, using no more force than was necessary, only after her repeated refusals to admit them, and, having employed skilled furniture packers and movers, caused her property to be carried with reasonable care and without loss or damage to a suitable warehouse and stored in her name. *Held* that the finding was justified by the evidence and that it supported the trial court's conclusion that the defendants were not liable for any neglect or wrongdoing.

Argued June 7th—decided June 28th, 1927.

ACTION to recover damages for injuries to the plaintiff's property alleged to have been caused by the negligence of the defendants, brought to the Superior

Court in Fairfield County and tried to the court, *Dickenson, J.;* judgment for the defendants, and appeal by the plaintiff. *No error.*

*Dominic A. Roina,* for the appellant (plaintiff).

*Carl Foster,* with whom was *James R. Mead,* for the appellees (defendants).

WHEELER, C. J. The trial court has found these facts: Mrs. Fannie Taylor, wife of the defendant Michael Taylor, owned and leased to plaintiff a dwelling-house in Greenwich. By reason of the breach of the lease by the plaintiff, Mrs. Taylor procured a judgment in an action of summary process against the plaintiff in the Borough Court of Greenwich, and that court issued an execution upon the judgment to the sheriff of the county of Fairfield, or his deputy, commanding them, without delay, to cause Mrs. Taylor to have possession of the leased premises by putting Mrs. Fry and all persons holding under her out of possession thereof. The execution was placed in the hands of defendant Ritch for service and execution; he was at the time a deputy sheriff of the county of Fairfield. Sheriff Ritch called at the residence of the plaintiff, but she denied him admission to the house; he then attempted to talk with her on several occasions, but she would not talk to him. Thereupon Ritch called to his aid defendant Michael Taylor, the husband of Mrs. Taylor. They went to the premises, knocked for admission and, receiving no answer, Taylor, under instruction of Ritch, forced open a locked door of the house, using no more force than was necessary, and they entered the house. Ritch then called in suitable and skilled furniture movers whom he had employed, to enter the house and remove the personal

property of the plaintiff. This they did, packing and loading it on furniture vans with reasonable care, and then took it to, and carefully stored it in, a suitable warehouse in the name of the plaintiff. All of the personal property was moved carefully and properly. The bonds and money which plaintiff claimed upon the trial were in the house did not come into the custody or possession of either defendant and were not taken by them. They did not lose any of the personal property which was in the house at the time defendants entered it, nor were they negligent or careless in handling the personal property, but all they did was done with care.

All of the acts of Ritch were done in pursuance of his authority as a deputy sheriff of the county of Fairfield and under the execution in his hand. All of the acts of Taylor were done as the assistant and agent of Sheriff Ritch.

These are the facts which the trial court has found, although the plaintiff offered evidence tending to prove the loss of two $1,000 bonds, with coupons attached, $600 in money, and certain articles of personal property, and also that defendants damaged and ruined sundry articles of furniture.

There can be no difference of opinion as to the rule of law. A deputy sheriff is liable for all damages one may sustain by reason of his neglect or wrongdoing. General Statutes, § 217; *Jordan* v. *Gallup,* 16 Conn. 536; *Baker* v. *Baldwin,* 48 Conn. 131; 1 Swift's Digest (Rev. Ed.) p. 551. If Sheriff Ritch and his aid had done the acts the plaintiff charges them with having done, their liability would inevitably follow. The difficulty with the plaintiff's position is that the trial court has found the facts contrary to her claims. Since that finding was made on conflicting evidence and is reasonable, it cannot be held to have been made without

evidence to support it.   Concededly, the plaintiff sought to maintain possession of the dwelling, from which the judgment of a competent court had dispossessed her, in defiance of that judgment.   In that course of conduct she was a wrongdoer.   The record indicates that the sheriff and his aid not only kept within the bounds of their legal duty, but conducted their unpleasant duty with commendable restraint and a very considerable degree of consideration for the plaintiff.

There is no error.

In this opinion the other judges concurred.