MARY KIMATIAN *vs.* NEW ENGLAND TELEPHONE & TELE-GRAPH CO.

CHARLES M. KIMATIAN *vs.* SAME.

APRIL 4, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. In these cases tried together, plaintiff Mary recovered a verdict for $8,000 and plaintiff Charles, her husband, one for $1,500 against defendant. The basis

of recovery was alleged negligence of Mr. Roberts, a servant of defendant, in leaving open a trap door in a dark back room of Charles's store where the servant had been sent to relocate a certain telephone set. Into the opening fell plaintiff Mary, who claimed to be entirely ignorant of the existence of the trap door. At the time she was working for her husband, who was present in the store. He did not see her fall. Her recovery was for personal injury; his, for loss of her services.

On defendant's motion for a new trial the Superior Court said the weight of credible testimony was with defendant whose only witness was its servant, that substantial justice had not been done and granted defendant's motion in each case. Plaintiff claims error in the trial court's action in granting the motions for new trials.

On the evidence unless something about plaintiff Mary's manner indicated that she was not truthful, she was not guilty of contributory negligence. The open trap door created an unobservable hole in a dark room dangerous to Mrs. Kimatian who was entitled to enter said room, who did not know even of the existence of the trap door and, if knowing thereof, had no reason to know that it was open. A storekeeper's duty to an invitee to the store was stated in *Langley* v. *Woolworth*, 47 R. I. 165. That the storekeeper may be liable does not absolve from liability an independent contractor whose negligence creates the dangerous situation. *French* v. *Boston Coal Co.*, 195 Mass. 334; *Wakefield* v. *Boston Coal Co.*, 197 Mass. 527; *Scott* v. *Curtis*, 195 N. Y. 424; *Donnelly* v. *Hufschmidt*, 79 Calif. 74; Moll, Independent Contractors and Employers Liability, p. 334; 14 R. C. L. 105, title, Independent Contractors, § 41. On this principle was based plaintiff Mary's suit against defendant, the negligence of whose employee was asserted to be the cause of her injury. If Roberts negligently left the trap door open and unguarded while doing the work which defendant company sent him to do and the manner of doing which was within his sole control, the company was liable

to Mrs. Kimatian. Labatt, Master and Servant, Vol. 6, p. 7072; *Lannen* v. *Albany Gas Light Co.*, 44 N. Y. 459. That the trap door was in Kimatian's store did not affect Mrs. Kimatian's suit. Her husband's negligence, if established, could not be attributed to her. *O'Donnell* v. *United El. Rys. Co.*, 48 R. I. 18. Whether it could defeat his recovery for loss of his wife's services is a totally different question; it does not follow that the husband has a right of recovery because his wife may have one. *Donahue* v. *Titus Co.*, 93 Atl. 644 (jury found against husband after another jury had found in favor of wife) *Brierly* v. *Union R. R. Co.*, 26 R. I. 119 (husband may recover though another jury had found against wife). *Laskowski* v. *Peoples Ice, Co.*, 203 Mich. 186.

The one common and vital question in both suits before us was not whether Kimatian knew Roberts had gone to the cellar a second time but whether Roberts did anything which a prudent and reasonable man would not have done or failed to do anything which a prudent and reasonable man would have done in performing the work which defendant sent him to do. Unless he was remiss the defendant company was not negligent. Roberts did not claim that he asked Kimatian or that Kimatian agreed to guard the opening. Roberts' testimony was merely that he supposed Kimatian would do so the second time as he had done the first time. One question for the jury, therefore, was whether Roberts reasonably might have anticipated that Kimatian would protect the opening from becoming a source of danger to persons rightfully entering the back room. Another was, whether Roberts had any reason to anticipate the presence of any person other than Kimatian in said back room. In this respect there is a distinct difference as far as defendant is concerned between cases of open coal holes in the sidewalk where travelers must be anticipated and an open trap door upon private premises the use of which is known solely to the owner and can not be anticipated by the independent contractor. This 'phone though

at times used by, was not held out for use of, the public. It was Kimatian's private 'phone. Its use by others was only permissive. After its removal from the wall with Kimatian's knowledge Roberts reasonably could anticipate that if any one entered and asked to use the telephone he would be informed that it had been taken down.

If Kimatian assured Roberts that no one came into the back room, it would not be unreasonable for Roberts to rely thereon. On the record before us an issue was sharply raised,—whether Kimatian did so tell Roberts. Roberts affirmed this, Kimatian denied it. If Roberts' testimony was true it was not negligence merely to leave open the trap door in the back room. *Prue* v. *Goodrich Oil Co.*, 140 Atl. 665. Defendant's negligence turned upon the acceptance of Roberts' or Kimatian's story. The jury accepted Kimatian's. The trial judge believed this to be error. It is true that he placed great importance on whether Kimatian knew that Roberts was in the cellar the second time and little importance on what seems to us to be vitally determinative of defendant's negligence, viz., whether Roberts had reason to anticipate that any one was likely to enter the dark room, but his opinion of the veracity of Kimatian and Mrs. Kimatian is clearly unfavorable. A trial justice gets the atmosphere of a case as an appellate court can not do and for this reason great weight is properly attached to his approval or disapproval of a verdict, based upon irreconcilable testimony. The action of the trial court here has persuasive force. *Noland* v. *R. I. Co.*, 30 R. I. 246. He has properly given this court the benefit of his experienced observation of witnesses who tell conflicting stories, and we see no reason to disapprove of his action.

The cases of *Howard* v. *J. H. Harris Plumbing Co.*, 154 N. C. 224 and *L. W. Pomerene Co.* v. *White*, 70 Neb. 171, which respective counsel cite as nearest to the present, accord with the views here expressed. In the former the owner of the premises, by his servant, opened the door and assumed to protect the opening. Under such circumstances

the plumber was not negligent in going about his work at the spot to which he had been conducted without regard to whether the door had been left open. The owner was assuming to take care of the danger which he himself had created. In the latter, the plumber left open the trap door on his own responsibility without notice to any one and after caution to close the trap door because the room was used frequently by members of the landlord's family. Consequently, the plumber was held negligent and responsible for an injury to plaintiff even though the premises were owned by her husband.

In view of the peculiar facts in the present cases it seems to us undesirable to try them together. While they possess the common element of defendant's alleged negligence, the question of Mary's and Charles's freedom from contributory negligence is not identical. Conceivably Mary might recover and Charles be denied recovery. Trial together tended to confuse court, counsel and particularly the jury. The interests of justice in these cases seem more likely to be promoted by separate trials.

In each case the plaintiff's exceptions are overruled and the case is remitted to the Superior Court for a new trial.

*William S. Flynn, Edmund W. Flynn,* for plaintiffs.

*Frederick W. O'Connell, Swan, Keeney & Smith,* for defendant.