JOHN DEZSO *vs.* ANTONE WALYE ET AL.
ANTONE WALYE *vs.* JOHN DEZSO.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 16th—decided June 1st, 1931.

*Raymond E. Hackett,* for the appellants (defendants and plaintiff).

*Lawrence S. Finklestone,* for the appellee (plaintiff and defendant).

HAINES, J.   In January, 1929, Dezso sold one hundred and fifty shares of the stock of the West Side Furniture and Music Company of Bridgeport to Walye for the sum of $15,000, to which sum $1000 was to be added for a note of the company held by Dezso for money previously loaned to it by him.   At the time the contract was concluded, Walye paid Dezso $4000 in cash and delivered to him a joint and several note for $12,000 signed by himself and Katie Walye his wife.   This note, dated January 22d, 1929, provided for semiannual payments of $2000 on the principal, beginning July 1st, 1929; no interest was to be paid on the note until January 1st, 1930, and then to be at six per cent payable semiannually with the instalments upon principal.   Any payment of principal or interest remaining unpaid for fifteen days after it became due, matured the entire note which then became due and payable at the option of the payee, Dezso. The stock was duly endorsed, the note signed, and both delivered to the respective parties as stipulated in the contract of sale.   In July, 1929, Walye paid the instalment of $2000 due on the note, and made no claim for breach of warranty or for misrepresentation on the part of Dezso.   From the time he purchased Dezso's stock until January 13th, 1930, being about a year, Walye had been active in the affairs of the

company and had regularly drawn a salary as an official thereof. On the last-mentioned date, he brought the above-named action against Dezso, alleging that he had bought the stock upon condition that certain representations which he alleged were made to him by Dezso as to the financial and other affairs of the company were true statements of its condition, and upon the oral agreement of Dezso that if the conditions were not found as represented, the sale would be treated as null and void and Dezso would return to Walye the money which he had paid and receive back the stock. It was alleged in the complaint that the representations were false and untrue, and Walye claimed a rescission of the contract of sale, the return of his money and damages. These claims were met by Dezso by a general denial that he had made any representations regarding the condition of the company, or had ever agreed to take back the stock and return the money received on account of it.

Some days after this suit was brought, Walye defaulted on the January, 1930, instalment, and Dezso brought the second of the above-named actions, against Walye, for the recovery of the amount due on the note. This action was defended on the same grounds alleged in the complaint in the first suit.

The two actions were tried together, the conclusion of the court being that Dezso had made no representations to Walye concerning the condition of the company, as the latter claimed, and judgment was given for Dezso to recover the balance due on the note with interest and costs. The testimony on this feature of the cases was in absolute conflict, and in reaching its conclusion therefrom the court said: "It is not found that any such representation was made by Dezso and I believe that it was not so made." All the evidence is certified and is before us.

It will be apparent from the foregoing summary that the important question upon this appeal is one of fact, the controlling character of which is recognized in a statement in the Walye brief: "Primarily the successful prosecution of this appeal requires that this court strike from the finding paragraphs 9 and 13 thereof as found without evidence and add thereto paragraphs 10, 11 and 18 of this draft-finding." In other words, we are asked to change the conclusion of fact reached by the trial court which is the essential basis upon which the judgment rests.

The second paragraph of the finding sought to be stricken out reads as follows: "13. The plaintiff made no representations to the defendant as to the value of his stock or the amount or value of the assets in the corporation." We are at a loss to understand how it can be claimed that this finding was without evidence to support it, since it is exactly the testimony given by Dezso himself upon the witness stand. Reading the entire evidence with care, we feel justified in adding that not only is this finding supported by direct and clear evidence which the trial court was entitled to believe, but there is much to create a strong probability of its truth and sufficiency to "induce a reasonable belief in an impartial mind," that that evidence was true. *Meagher* v. *Colonial Homes Co.,* 109 Conn. 343, 348, 146 Atl. 609; *Barry* v. *Miller,* 104 Conn. 362, 365, 133 Atl. 37. The trial court made this finding after hearing directly conflicting testimony, observing the witnesses, considering their cross-examination and other facts developed at the trial. In a similar situation we said: "The difficulty with the plaintiff's position is that the trial court has found the facts contrary to her claims. Since that finding was made on conflicting evidence and is reasonable, it cannot be held to have been made without evidence to support

it." *Fry* v. *Taylor*, 106 Conn. 387, 389, 390, 138 Atl. 138. The matter was one involving the credibility of witnesses and the weight of the evidence, and was thus within the province of the trial court. Since we can find no justification for changing this paragraph of the finding, and since it is conclusive of the rights of the parties and no other permissible changes in the finding would change the result, we hold the judgment in both cases correct.

There is no error.

In this opinion the other judges concurred.