SADIE KAPLAN *vs*. GRAND DEPARTMENT STORES,
INCORPORATED.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 8th—decided July 16th, 1934.

*John C. Blackall,* for the appellant (defendant).

*George M. Hyman,* with whom, on the brief, was
*Louis M. Shatz,* for the appellee (plaintiff).

PER CURIAM. The plaintiff brought this action
against the proprietor of a store to recover for injuries
suffered when she slipped upon a bulge in a rubber
mat at the top of a stairway used by its customers, and
fell down the stairs. The defendant, appealing from a
judgment for the plaintiff, makes two claims, one, that
the defendant not having actual notice of the defective
condition of the mat, was not chargeable with knowl-
edge of it by reason of the length of time it had ex-
isted, and the other, that the plaintiff was guilty of
contributory negligence as matter of law. There was
evidence from which the trial court could reasonably
infer that the bulge in the mat was due to its having
become loosened, because it had become so worn that
the tacks which were intended to hold it in place had
pulled through, and the trial court could reasonably
conclude that this condition came about from wear
extending over a considerable time. It might properly
find that, had the defendant made reasonable inspec-

tion of its premises, it would have discovered the condition in time to have remedied it before the plaintiff's fall. *Vinci* v. *O'Neill,* 103 Conn. 647, 657, 121 Atl. 408. This was the effect of the finding of the court and it must stand. As far as the issue of the plaintiff's contributory negligence is concerned, the trial court could reasonably conclude that the situation fell within the rule that one making the ordinary use of premises which he may properly assume to be in a reasonably safe condition is not obliged to use special care until some circumstance reasonably indicates to him the need to do so. *Smith* v. *S. S. Kresge Co.,* 116 Conn. 706, 164 Atl. 206.

There is no error.