## AGNES NEWELL vs. K. & D. JEWELRY COMPANY, INCORPORATED.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, JS.

Argued December 4th, 1934—decided January 3d, 1935.

*John F. McDonough,* for the appellant (defendant).

*Lawrence L. Lewis,* for the appellee (plaintiff).

AVERY, J. The defendant is the proprietor of a jewelry store on South Main Street in Waterbury. The plaintiff brought this action claiming that she entered the store on September 1st, 1932, that the floor was wet and slippery, and that she was thereby caused to fall and received injuries. From the finding of the court, these facts appear: For some time prior

to the date of the accident, the defendant, by contract with the Reliable Window Cleaning Company, caused the floor of its store, which was covered with unwaxed linoleum, to be washed daily. On the day of the accident, the manager of the Window Cleaning Company and an assistant started to clean the floor at about 8.50 a.m., and finished at about 9 a.m. The washing was done with lukewarm water, a rubber implement called a "squeegee" was then applied, and one of the washers wrung a mop out in a wringer and mopped the surface therewith. This process was called "dry mopping;" but the surface was not mopped dry although this process was used. At about 9.10 a.m., after the washers had left, the plaintiff entered the premises for the purpose of doing business, and the floor at that time was wet and slippery. The store was opened for business on that day at 9 a.m. and at the time of the accident was in the sole custody of the defendant. When the plaintiff entered, she noticed that the floor was wet. She went down the right side thereof and looked into a showcase at which she had selected a console a few days previous. She then started across to look at another showcase on the opposite side, and was about in the center when she slipped and fell.

Upon this appeal, the defendant has asked for corrections of the finding to the effect that the time of the accident was about 9.45 a.m., that the floor at that time was dry. An examination of the evidence certified, however, shows that the testimony upon this point was conflicting, and as the finding of the trial court was based upon conflicting evidence involving the credibility of witnesses and the weight of the evidence, no correction is permissible by which the defendant's position would be advantaged. *Fiala* v. *Connecticut Electric Service Co.,* 114 Conn. 172, 177,

158 Atl. 211; *Dezso* v. *Walye,* 113 Conn. 258, 262, 155 Atl. 66.

The defendant contends that the cleaning of the floor was done by a third party under contract with it, that the defendant was not negligent in the selection of the contractor, and was not liable for injuries which might be received by reason of the failure of the contractor to properly dry the surface. After the contractor had finished the work of cleaning and had gone out, at about nine o'clock, the store remained in the control of the defendant until the plaintiff entered and was open for business. It was the duty of the proprietor in such a case to use ordinary care to see that the premises were in a safe condition for those invited therein for the purposes of business. If the proprietor does not know the condition of his premises, it is his duty to exercise reasonable care to discover their condition and he will be liable for such defects as a reasonable inspection would have disclosed. *Geoghegan* v. *Fox & Co., Inc.,* 104 Conn. 129, 134, 135, 132 Atl. 408; *Ward* v. *Avery,* 113 Conn. 394, 396, 155 Atl. 502; *Stratton* v. *Newberry Co.,* 117 Conn. 522, 525, 169 Atl. 56; *Lunny* v. *Pepe,* 116 Conn. 684, 686, 165 Atl. 552; *Fulton Ice and Coal Co.* v. *Pece,* 29 Ga. App. 507, 515, 116 S. E. 57, 61; *Sutton* v. *Otis Elevator Co.,* 68 Utah, 85, 131, 249 Pac. 437, 453. "A business visitor is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein." Amer. Law Institute Restatement, Torts (Negligence) § 343(d).

It is further urged by the appellant that the plaintiff was guilty of contributory negligence in entering the store after noticing that the floor was wet. Mere knowledge that the floor was wet would not of itself

as a matter of law establish contributory negligence upon her part. It is found that she was walking slowly and carefully. It does not appear that she knew that linoleum when wet would be slippery. She was making ordinary use of premises which she might properly assume to be in a reasonably safe condition and the trial court might reasonably have concluded that she was under no duty to take special precautions. *Kaplan* v. *Grand Department Stores, Inc.*, 118 Conn. 714, 174 Atl. 76. It was a question of fact for the trier whether, under all the circumstances, she was in the exercise of due care. *Johnson* v. *Pulidy,* 116 Conn. 443, 447, 165 Atl. 355; *L'Heureux* v. *Hurley,* 117 Conn. 347, 358, 168 Atl. 8; *Gipstein* v. *Kirshenbaum,* 118 Conn. 681, 687, 174 Atl. 261.

There is no error.

In this opinion the other judges concurred.