RUSSELL ALLEY, p.p.a.
vs.
NEW HAVEN ARENA CO., INC.

Superior Court        New Haven County        File #46615

Present:  Hon. ALLYN L. BROWN, Judge.

Michael J. Quinn,                ·Attorney for the Plaintiff.

D. L. O'Neill,                    Attorney for the Defendant.

**MEMORANDUM FILED APRIL 30, 1935.**

BROWN, J.  Although the allegations of the complaint lack clarity and directness of statement, for the purposes of this demurrer they are fairly to be construed as alleging upon the issue of the defendant's negligence, that: (1) the plaintiff, three years and two months of age, was a licensee in the alley or passway on the defendant's land, (2) the defendant had leaned a heavy gate against the wall of its building at one side of the alley in such a way that it could, as the defendant knew, be pushed over onto the alley; (3) the defendant at the time in question knew that boys were playing about the gate and trying to push it over and that the plaintiff was passing by in a position of danger therefrom; (4) the defendant negli'gently failed to warn the plaintiff or to prevent the boys from pushing the gate over onto the plaintiff; and (5) the boys did push it over onto the plaintiff crushing him to the ground and causing the injuries complained of.

The defendant contends that the case of **Pastorello vs. Stone, 89 Conn. 286, 288,** is a conclusive authority in support

of its demurrer. An important distinction in the facts of that case appears, however, in that the land owner's knowledge of the plaintiff's presence was not alleged as here. Whatever a trial upon the merits may call for, in the light of this distinction and the authorities below referred to, I am satisfied that it should not be held as a matter of law upon the present pleadings that the plaintiff has no cause of action.

The principle stated in §342 of the Restatement of the Law of Torts covers the situation alleged. "A possessor of land is subject to liability for bodily harm caused to gratuitous licensees by a natural or artificial condition thereon, if, but only if, he (a) knows of the condition and realizes that it involves an unreasonable risk to·them and has reason to believe that they will not discover the condition or realize the risk, and (b) invites or permits them to enter or remain upon the land, without exercising reasonable care (1) to make the condition reasonably safe, or (II) to warn them of the condition and the risk involved therein." The general rule has been somewhat less explicitly stated by our own Supreme Court in these words: "When the presence of a trespasser in a position of peril becomes known, the duty then arises of using ordinary care to prevent injuring him." **Shiembo vs. Ringling, 115 Conn. 62, 65 and cases cited.** Interpreting this principle in the light of the Supreme Court's further pronouncements indicating·that no distinction is to be made as to liability, between negligence in failing to act, and in performing acts in a negligent manner, (**Geoghegan vs. Fox & Co., Inc., 104 Conn. 129, 135; Greenley vs. Miller's, Inc., 111 Conn. 584, 588**), it appears that §342 supra correctly summarizes the laws of this state upon this point.

The demurrer is overruled.