DICKINSON, J.
 

 The plaintiff fell while walking across the floor of the defendant’s store. She has testified the floor was heavily waxed, that her foot slipped upon it and she fell on her left side. She has produced no other witness as to the slipperiness of the floor. By the testimony of employees of the defendant called by the plaintiff it appears the condition of the floor was the same as it had been for several days- and that it had not been waxed for nearly a week, although it had been swept each night.
 

 The plaintiff it appears was walking in an ordinary manner and wore shoes with cuban heels, which, as exhibited in court, appear to be comparatively low heels.
 

 By the testimony of an employee of the defendant it appears there was a mark on the floor evidently made by the plaintiff’s shoe and nothing else.
 

 The plaintiff was apparently an honest witness and stated the facts as she saw them. That she slipped and fell for no other apparent reason than the condition of the floor is some evidence of its slipperiness.
 

 The day was a clear day and nothing was observed upon the floor to cause the slipping other than the wax.
 

 
 *156
 
 The defendant had reasonable notice of its condition for by its own employees it appeared no change had been made in it for some days. Its duty was to use reasonable care to see that its floors were reasonably safe for invitees reasonably using them.
 

 While it appears the plaintiff saw that the floor was heavily waxed it does not appear whether this was before or after her fall and in any event she had the right to assume that walking upon it in a. reasonable manner would not subject her to danger of falling.
 

 Newell vs. K.
 
 & D.
 
 Jewelry Co., Inc., 119 Conn., 332.
 

 The case is a close case. The defendant rested without putting on any evidence. I am satisfied, however, that the plaintiff is telling the truth, that the floor was not reasonably safe for the public, that the defendant should reasonably have known and corrected its condition, and that the plaintiff used reasonable care under all the circumstances.
 

 The plaintiff in falling struck her side and head, strained her side and back, was unable to do her housework for a considerable length of time and still feels the effects of her fall at times.
 

 Judgment is directed for her to recover twelve hundred dollars ($1200.) damages.