ANNA J. HAYES *vs.* NEW BRITAIN GAS LIGHT
COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 8th—decided May 14th, 1936.

*Cyril F. Gaffney,* with whom, on the brief, was
*Bernard F. Gaffney,* for the appellant (defendant).

*George J. Coyle,* with whom, on the brief, was *Thomas F. McDonough,* for the appellee (plaintiff).

MALTBIE, C. J. This is an appeal from the denial of a motion to set the verdict aside. The jury could reasonably have found the following facts: James Lynch, an employee of the defendant, went to the house occupied by the plaintiff, for the purpose of reading a gas meter which was in the cellar. Entrance to the cellar was gained through a trapdoor in a small pantry off the kitchen. The door constituted almost the entire floor of the pantry. When opened, it leaned against the wall in such a way as not to interfere with the door of the pantry. Lynch entered the kitchen and was directed by the plaintiff to go to the cellar through the pantry. He opened the trapdoor, went to the cellar and on his return left the trapdoor open and closed the door to the pantry. The pantry was without windows and unlighted. After he left, the plaintiff, having occasion to go to the pantry, opened the door, stepped over the threshold and fell into the cellar, suffering the injuries to recover damages for which she brought this action. The contentions of the defendant are that Lynch was under no duty to close the door and therefore could not be charged with negligence in not doing so and that the plaintiff was guilty of contributory negligence.

The defendant in its brief speaks of Lynch as a licensee upon the premises and seeks to apply in determining his obligation to use care the same principles as are involved when a licensee suffers injury upon the premises of a landowner. The description of Lynch as a licensee is open to question in view of his purpose in going upon the premises, but we have no need to consider that matter. An owner of land ordinarily owes no duty to a licensee, any more than he does to

a trespasser, to keep his premises in a safe condition because the licensee or trespasser must take the premises as he finds them and assumes the risk of any danger arising out of their condition. *Wilmot* v. *McFadden,* 79 Conn. 367, 375, 65 Atl. 157; *Pastorello* v. *Stone,* 89 Conn. 286, 289, 93 Atl. 529. But by our law, where the presence of a licensee or trespasser becomes known, the owner is under a duty to exercise reasonable care in his own conduct to avoid injury to him. *Pomponio* v. *New York, N. H. & H. R. Co.,* 66 Conn. 528, 541, 34 Atl. 491; *Kalmich* v. *White,* 95 Conn. 568, 571, 111 Atl. 845; *Ulrich* v. *New York, N.H. & H. R. Co.,* 98 Conn. 567, 569, 119 Atl. 890; *Voltz* v. *Orange Volunteer Fire Asso., Inc.,* 118 Conn. 307, 309, 172 Atl. 220. If we assume that the test of the existence of a duty on the part of Lynch is the same as would be applied as regards the plaintiff, had she, knowing that he was on the premises and would have occasion to enter the pantry, left the trapdoor open and the pantry door shut, it would necessarily follow that there was a duty on his part to exercise due care in the situation before us.

Approaching the question more broadly, there is no reason why one who enters upon the premises of another as licensee or invitee should be freed of the obligation to use due care not to do injury to the owner. Indeed, it would be shocking to the common feeling of men to hold that one invited or permitted by another to go upon his premises owed to that other no duty to refrain from acting so negligently as to expose the owner to danger of injury. In *Dean* v. *Hershowitz,* 119 Conn. 398, 407, 177 Atl. 222, we pointed out that the imposition of a duty upon one to use due care not to injure another was not dependent upon the underlying legal relationship between them, and we said (p. 409): "It is because he is en-

trusted with the person or property of another or has assumed the performance of an act which may affect the rights of another under such circumstances that, unless he uses proper care, that other will suffer injury, that the law imposes or implies a duty to use such care. In other words, the particular facts which bring two persons into a relationship to each other are not necessarily controlling, but the true test is, speaking generally, being in that relationship, are the circumstances such that one, in the performance of some act within the scope of that relationship, unless he uses proper care, is likely to do injury to the person, property or rights of the other." In *Stoto* v. *Waterbury,* 119 Conn. 14, 16, 174 Atl. 189, we stated that the essential basis of negligence is a reasonable anticipation of the likelihood of danger arising from the conduct which caused the injury. A conclusion by the jury that Lynch should reasonably have anticipated danger to the plaintiff in using the pantry if the trapdoor were open is one which they could hardly avoid drawing.

The situation is in this respect very different from that before the court in *Kimatian* v. *New England Telephone & Telegraph Co.,* 49 R. I. 146, 141 Atl. 331, cited by the defendant. In that case an employee of the defendant left open a trapdoor and the plaintiffs, husband and wife, sought to recover damages resulting from the latter falling through the opening; the trial court set aside verdicts for the plaintiffs, upon the ground that upon the evidence the jury should have found that the employee had no reason to anticipate that anyone would visit the room where the trapdoor was located; and the Supreme Court sustained that action, not on the ground that the employee was under no duty to close the door if reasonably necessary to prevent danger to others, but because having no reason to anticipate the danger he could not be held negligent.

The case of *Howard* v. *J. H. Harris Plumbing Co.,* 154 N. C. 224, 70 S. E. 285, relied upon by the defendant, is referred to in the opinion of the Rhode Island court; in that case the owner of the store where the trapdoor through which the plaintiff fell was located directed one of his clerks to show the defendant's employee the way to the cellar, the clerk opened the door, and it was held that it was his duty to close it or take steps to guard against the danger of persons falling through the opening and that the negligence which proximately caused the injury was that of the clerk and not that of the defendant's employee; and, in distinguishing this case, the Rhode Island court pointed out that there "the owner was assuming to take care of the danger which he himself had created." In *Pomerene Co.* v. *White,* 70 Neb. 171, 97 N. W. 232, in a situation very like the one before us, a verdict in favor of the wife of the owner of the premises was sustained upon the ground that the employee of the defendant was negligent in not closing a trapdoor in the floor of a bathroom opened to allow him to gain access to the space under the dwelling in order to make repairs.

Here the jury could reasonably have found that Lynch opened the door and assumed control of the situation. The plaintiff was entitled to rely upon his use of reasonable care in dealing with it. One who assumes control of an instrumentality is bound to exercise due care in his use of it. *Thelin* v. *Downs,* 109 Conn. 662, 667, 145 Atl. 50; *Young* v. *Talcott,* 114 Conn. 675, 678, 159 Atl. 881; *Skelly* v. *Pleasure Beach Park Corporation,* 115 Conn. 92, 97, 160 Atl. 309; *Ziulkowski* v. *Kolodziej,* 119 Conn. 230, 234, 175 Atl. 780.

The jury could properly conclude that Lynch was negligent. The plaintiff had the right to assume that he would exercise proper care and nothing in the record

suggests that there was anything to indicate to her the need of any special precaution on entering the pantry. Whether she exercised reasonable care was a question for the jury. *Perkel* v. *Grayson,* 119 Conn. 465, 472, 177 Atl. 534; *Kaplan* v. *Grand Department Stores, Inc.,* 118 Conn. 714, 715, 174 Atl. 76; *Pomerene Co.* v. *White,* supra, p. 174.

There is no error.

In this opinion the other judges concurred.