ELLEN GIBB, ADMX.

vs.

CHESTER N. MARTIN, ET AL.

Superior Court        Fairfield County        File #53012

Present: Hon. NEWELL JENNINGS, Judge.

Julian B. Kuriansky,        Attorney for the Plaintiff.

William C. Young,        Attorney for the Defendants.

## MEMORANDUM FILED MAY 20, 1937.

JENNINGS, J.   Plaintiff's intestate, while lawfully on the land of the defendants, fell into a river and was drowned.  His death was caused by the negligence of the defendants, because they maintained a nuisance on their premises and because they failed to safeguard an inherently dangerous condition.  The land was open for use by the public in general for a parking space for automobiles.  These allegations of the complaint, admitted by the demurrer, make a trial necessary to determine the precise circumstances surrounding the accident.

**Norwich vs. Breed, 30 Conn. 535.**

**Ruocco vs. United Advertising Company, 98 Conn. 241.**

**Sedita vs. Steinberg, 105 Conn. 1.**

While the general rule is well settled that an owner owes no duty to a trespasser to keep his premises in safe condition (**Wilmot vs. McPadden, 79 Conn. 367, 16 Y.L.J. 356; Pastorello vs. Stone, 89 Conn. 286**) it does not appear from the complaint that the plaintiff was a trespasser.  Furthermore the cases cited above show that even a trespasser may recover

under certain circumstances, particularly where the defect is of such a character as to endanger travelers on the highway.

Mr. Young is advised to conform to local custom in the format of his brief.

The demurrer is overruled.