MARGARET F. HEFFERNAN ET AL.
*vs.*
FRANCES N. CADWELL ET AL.

Superior Court        Hartford County        File No. 72972

## MEMORANDUM FILED JUNE 12, 1945

*Andrew S. Aharonian,* of New Britain, for the Plaintiffs.

*Day, Berry & Howard,* of Hartford, for the Defendants.

MURPHY, J.   On February 2, 1945, the named plaintiff in company with her daughter visited the Yale Surgical Shop on the second floor of the Hadley Building in New Britain. They were there on business.

While there, Mrs. Heffernan had occasion to use the toilet and in response to her request for direction the proprietor of the shop walked with her into the hallway and pointed out the door of the ladies' toilet. It was located down another hallway which ran at right angles from the hall upon which the shop was located. The toilet door was $33\frac{1}{2}$ feet from the main hall.

The floor of the toilet is $7\frac{3}{4}$ inches above the level of the hall floor. Mrs. Heffernan stepped up into the toilet and put on the switch controlling the electric fixture. In leaving the toilet she turned off the switch, forgot the step down into the hall, and fell as she attempted to walk into the hall.

Obviously, the named plaintiff was an invitee while in the shop. There was no evidence to indicate that the toilet, located separate and apart from the shop, was in any way controlled by the tenant. It may have been a public toilet or one reserved for the use of the tenants and their customers. In the absence of proof, the court cannot speculate.

Paragraph 3 of the complaint, which is admitted, alleges only that it is a ladies' toilet. There is no allegation that it was to be used by the customers of the tenants. The indication by the tenant of its location, in the absence of other evidence, cannot be taken as proof that Mrs. Heffernan was an invitee of the landlord in using the toilet facilities.

She was using it for her own accommodation and convenience. In its use she was a licensee.

"One may be an invitee as to a portion of a building and not enjoy that status as to other portions thereof." *Knapp vs. Connecticut Theatrical Corp.,* 122 Conn. 413, 416. Therefore

she takes the premises as she finds them. *Hayes vs. New Britain Gas Light Co.,* 121 Conn. 356, 357.

The instant case is not analagous to *Webel vs. Yale University,* 125 Conn. 515 as claimed by the plaintiffs in their brief. In that case, the toilet was part of the leased premises. There was no evidence in this case to indicate any such situation.

Plaintiffs also claim under the theory of nuisance. Upon the evidence it is impossible to find that this was a public nuisance. If it was a private nuisance the plaintiffs could not recover. *Webel vs. Yale University, supra,* pp. 524, 525.

Judgment is entered for the defendants.