[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MORANDIJM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
For purposes of the present motion, the defendant concedes that the plaintiff, while a business invitee at its place of business in New Haven, tripped and fell over a glass jar on the floor of one of the store aisles. The defendant now seeks summary judgment based on its contention that there are no facts which could support a finding that the defendant had actual or constructive notice of the specific defect that caused the plaintiff to fall, and that it is therefore entitled to judgment as a matter of law.
The plaintiff acknowledges that she has no evidence that the defendant had direct and actual knowledge of the defect which allegedly caused her fall. Instead, she claims that she will be able to introduce facts from which the trier of fact could infer that the defendant had constructive notice of the defective condition. Kurti v. Becker, 54 Conn. App. 335,338 (1999). She claims that the defect in question, a glass jar in the aisle down which the plaintiff had been walking at the time of her fall, is a defect which would have been disclosed by a reasonable inspection.Newell v. KD Jewelry Co., Inc., 119 Conn. 332, 334 (1935).
The facts from which the plaintiff would ask the jury to infer constructive knowledge include the following: (1) that she was within the defendant's place of business for approximately fifteen minutes before the fall; (2) that there were policies in effect regarding store maintenance on the day of the incident, and that although employees of the defendant were constantly walking the store, the store manager had no particular memory of anyone conducting walking inspections on the date of the incident; (3) that the defendant's policy mandated walking aisle inspections at least once per day; and(4) that the store manager acknowledged the existence of periodic problems with objects on the floors.
The problem for the plaintiff is that neither this nor any other evidence would justify the trier of fact's inference that the jar upon which the plaintiff tripped was on the floor for any period of time long enough for the defendants' agents to have had notice of it. See, McCroreyv. Heilpern, 170 Conn. 220, 221 (1976); Gulycz v. Stop Shop Cos.29 Conn. App. 519 (1993). The plaintiff argues that because the store manager acknowledged that the store had a problem with objects on the floors from time to time, the defendant should be presumed to have had notice of this defect. It is clear, however, that the law requires knowledge of the specific defect, and not a general awareness of the CT Page 9294 condition of the premises. Cruz v. Drezek, 175 Conn. 230 (1978). Although under some circumstances, the condition of the material that caused the fall could give rise to an inference that the defect had existed for a long enough period of time for the defendant to have had notice of it, such an inference is most likely to occur when the substance causing the fall is of a liquid or semiliquid nature, such as water, juice, food stuffs, etc. that had congealed, spread or otherwise exhibited some indication of the amount of time it had spent in harm's way. Here, the alleged defect was an intact jar of salsa. No one has claimed to have seen the object prior to the plaintiffs fall, and there was nothing about its condition that could possibly give rise to any inference as to the length of time that it had been on the aisle floor. From the evidence that the defendant fell on the object, the trier of fact could certainly infer that it had been there for at least a fraction of a second prior to the fall, but it would have nothing but impermissible speculation to lead it to an inference that it had been on the floor for any period of time longer than that.
With no possible factual basis for a finding that the defendant had actual or constructive notice of the defect that caused the plaintiffs fall, the defendant is, as it contends, entitled to judgment as a matter of law. The for summary judgment is therefore granted.
Jonathan E. Silbert, Judge